STATE of Missouri, Plaintiff-Respondent,

v.

Ronald Delane OWENS, Defendant-Appellant.

No. 37753.

Missouri Court of Appeals, St. Louis District, Division Three.

April 19, 1977.

---

**212**

Robert C. Babione, Public Defender, Sara T. Harmon, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

WEIER, Judge.

Defendant Ronald Delane Owens was found guilty by jury of robbery first degree. His punishment was assessed by the jury at seven years in the custody of the Department of Corrections. At his trial he was represented by retained counsel. A brief statement of the facts will illuminate the points relied on in this appeal.

During the early morning of January 5, 1974, shortly after midnight, Durward Edwards had fallen asleep while watching his television. He had just awakened and started to turn off his television set when he heard a knock at the door. He opened the door to find David Melton and a friend of Melton's who were allowed in Edwards' apartment. Edwards had had some acquaintance with Melton before this time and he gave them some food when requested. After they left they went to Owens' apartment and informed Owens that Edwards had a gun. Defendant then went to Edwards' apartment by himself. When he knocked at the door Edwards came to open it and was carrying a .38 gauge Smith and Wesson handgun. Defendant Owens asked Edwards if he could use his telephone. Edwards showed the pistol to defendant Owens when he requested to see it and the defendant at that time grabbed it. Owens then backed to the door, raised the weapon to his eye while pointing it toward Edwards and told him, "you know what is in this" or words to that effect and then backed out the door. Edwards had previously informed Owens that he had high velocity shells in the weapon. In about fifteen or twenty minutes four men wearing sacks on their heads with cut out holes for their eyes, nose and mouth, entered the apartment. Edwards recognized the shoes on one of the men as being the same shoes that had been on David Melton, one of those who had visited him on the first occasion. He also observed a tattoo on this individual similar to and in the same location on his hand as the one upon Melton. One of the group informed Edwards that they wanted his money or his life and then proceeded to take his television set, a rifle, some $500 in

cash, .38 caliber shells and a cassette player. During the time that these four men were there, they threatened Edwards several times, pointed a pistol at his head and at one time shot a hole in the wall just above his head. The next day the cartridges, the television set and Edwards' pistol were found in the apartment of defendant Owens.

■ The original information filed in this case charged defendant Owens with robbing Edwards of the .38 caliber pistol. The first amended information filed on November 22, 1974, added the words "acting with others" to the charge. The second amended information, filed on February 18, 1975, the day the trial began, charged that defendant acting with others did not only rob Edwards of his .38 caliber pistol but also of $500, the television, hand tools and a tape cassette player. Defendant's first contention on appeal charges error on the part of the trial court in permitting the filing of this second amended information on the eve of trial because it charged an offense additional to and different from that charged in the original information and thereby prejudiced the appellant in the preparation of his defense. Defendant does not complain of the addition of "acting with others" because it does not charge a different offense. *State v. West*, 484 S.W.2d 191, 195[4] (Mo.1972). But defendant does contend that by adding the list of items taken from the victim in the second amended information in addition to the .38 caliber pistol originally alleged to have been taken from the victim, this second amended information in effect charges the defendant with two robberies, one that occurred when defendant took the victim's weapon and then again when the other items were taken by the four men who came masked to the victim's apartment.

This charge of duplicity in the information is not meritorious. The acts of the defendant are connected by time, place and purpose to the commission of one crime with which he is charged. The charge of robbing the victim of the various items taken from him at that time and place,

therefore, may be set out in one count of an information or indictment. *State v. Schmittzehe*, 3 S.W.2d 235, 238[2] (Mo.1928). As an example, in *State v. Nieuhaus*, 217 Mo. 332, 117 S.W. 73, 77 (1909), the defendant was prosecuted for feloniously wounding a woman. In the indictment he was charged with assaulting the victim with a rawhide whip and a hot iron stove-lid lifter. It appeared from the evidence that the whipping occurred before the assault with the stove-lid lifter. In commenting upon the claim of duplicity the court stated: ". . . we do not think that the assault became two different offenses from the mere lapse of time which intervened between the whipping with the cowhide and the time taken to go to the kitchen and return with the stove-lid lifter, and the continuation thereof immediately upon the return of the defendant from the kitchen. In our opinion it was one continuous assault, if the evidence of the prosecutrix is to be believed." *Nieuhaus*, 117 S.W. at page 77. In *State v. McDonald*, 67 Mo. 13, a case relied on by the court in *Nieuhaus*, an assault began in a blacksmith shop with the use of a hammer or a pair of tongs. This was interrupted by other parties. After the victim left the blacksmith shop, the defendant picked up an ax handle and pursued the victim some seventy-five yards from the shop and struck him with the handle. The blow with the ax handle was held to be a continuation of the assault which commenced in the blacksmith shop.

Here the information charged the taking of the handgun and the other property of Edwards as parts of a single robbery. This was the theory that the State used in its prosecution and was the theory upon which the defendant was tried and convicted. The evidence supports this view of the facts. Melton, who first visited Edwards with a friend, went to Owens' apartment after he left Edwards. In response to what he told Owens, Owens then went downstairs to Edwards' apartment. There he took the pistol which in turn was used by one of four men, who within a matter of minutes came to Edwards' apartment and took the rest of the property. Some of this

**214**

property along with the pistol was found in Owens' apartment the day after the robbery took place. This is evidence of acts which were component parts of a continuous transaction committed by the same person so close in time that they constituted a single offense.

Looking at this case from a different standpoint, if defendant had been separately charged for robbing the victim at the same time and place with multiple counts of the information differing only in the property taken, the information would probably be subject to attack for splitting a single charge. *State v. Moton*, 476 S.W.2d 785, 790 (Mo.1972).

■ As to the charge of prejudice to the defendant in the preparation of his defense, a bill of particulars filed January 27, 1975, gave information concerning the additional items taken other than the handgun together with the fact of the return visit to the victim's apartment. The second amended information was filed and trial began on February 18, 1975, well after the defendant's counsel received such additional information. With this advance notice, we do not find any prejudice to the defendant.

■ Defendant's second point on appeal contends that the trial court erred in failing to instruct the jury upon the lesser included offense of stealing from the person in that by so doing defendant's rights to trial by jury and due process secured by the Sixth and Fourteenth Amendments of the Constitution of the United States and by Article I, Sections 22(a) and 10, Constitution of Missouri as amended 1970, were abridged. The objection made by counsel to the failure of the court in giving an instruction upon the offense of stealing from the person was made at the time that the conference was held in the court's chambers with respect to the marking and giving of instructions. The objection made no reference to any abridgment of defendant's constitutional rights. When one believes his constitutional rights have been violated, he should raise an objection at the earliest opportunity and failure to do so amounts to a waiver of the objection. Here

no reference was made to a violation of constitutional rights at the time the instruction was given and no motion for new trial was filed. Failure to object at the first appropriate time constitutes a waiver and we will not entertain the advancement of such a theory at this time on appeal. *State v. Bizzle*, 500 S.W.2d 259, 263[7] (Mo.App. 1973).

The judgment is affirmed.

KELLY, P. J., and GUNN, J., concur.