**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert VILLANUEVA,
Defendant-Appellant.**

**No. 41042.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Terry J. Flanagan, St. Louis, for defendant-appellant.

George Westfall, Pros. Atty., Julian D. Cosentino, Clayton, John Ashcroft, Atty.

Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Robert Villanueva guilty on separate counts of felonious assault (§ 559.180, RSMo 1969) and sodomy (§ 563.230, RSMo 1969). Pursuant to the verdict the court sentenced defendant to imprisonment for consecutive ten-year terms and he appeals.

Defendant now raises two points. He challenges the admission of pictures of the victim taken by her treating physician; this, on the ground of nondisclosure before trial. He also challenges the sodomy indictment as duplicitous by charging two separate acts.

Defendant does not challenge the sufficiency of the evidence. We relate so much of the victim's testimony as sheds light on the points raised.

The victim was a cab driver and near midnight defendant was her passenger. She stopped the cab to avoid defendant strangling her with her scarf. Outside, defendant struck the victim about the head, breaking her nose, blacking her eyes and knocking her to the ground. There he repeatedly stomped on her and then in quick succession forced her to commit anal sex and fellatio. The assault ended when a patrolling police car arrived. Defendant was arrested and the victim taken to a hospital.

Defendant testified he fell asleep but awoke and struggled with the victim when he believed she was trying to rob him.

Insofar as preserved by defendant's motion for a new trial, his first point here is that the court erred in admitting four pictures taken by the victim's doctor because they were cumulative to other photographs and not produced before trial in accordance with his alleged motion for discovery. We say "alleged" because the record fails to show any such motion for discovery.

On our own motion we have considered defendant's point as if properly preserved for review. The state contended the doctor took the four pictures in connection with his treatment and declined to surrender them until he testified.

With no defense objection the state introduced two 8″ by 10″ pictures of the victim taken as she arrived at the hospital on a stretcher; these showed her face as a mottled mass of blood. The four challenged 3″ by 5″ pictures were taken after the victim's face had been cleaned; they showed her blackened eyes, facial bruises and three small cuts. These four pictures were not clearly cumulative.

We look to the challenged ruling in admitting the four pictures. Since the state has the burden of proving guilt beyond a reasonable doubt it "should not be unduly limited as to the manner of satisfying this quantum of proof". *State v. Davis*, 515 S.W.2d 181[3–5] (Mo.App.1974). Admitting the pictures was discretionary and erroneous only if we can say the ruling resulted in fundamental prejudice. *State v. Davis*, 556 S.W.2d 45 (Mo. banc 1977). We find no such error here, and deny defendant's first point.

By his second point defendant contends the indictment was void because it charged two acts of sodomy in a single count. In his brief defendant concedes "there is no case law dealing with the precise question" and his cited cases do not support his contention.

The indictment here charged defendant committed sodomy by inserting "his male sex organ into the mouth and rectum" of the victim. That was the evidence and that was the submission of the verdict-directing instruction.

The defendant's contention of duplicity in the indictment is squarely refuted by our opinion in *State v. Owens*, 550 S.W.2d 211[1] (Mo.App.1977). There, defendant robbed the victim of his pistol and fifteen minutes later returned and at gun-point robbed him of other items. In a single count the state charged defendant with robbery. On appeal we denied defendant's contention of duplicity, holding: "The acts of the defendant are connected by time, place and purpose to the commission of one crime with which he is charged. The charge of robbing the victim of the various

items taken from him at [the] time and place, therefore, may be set out in one count of an information or indictment." We added that the evidence showed "acts which were component parts of a continuous transaction committed by the same person so close in time that they constituted a single offense". See also the cases of *State v. Nieuhaus*, 217 Mo. 332, 117 S.W. 73 (1909), and *State v. McDonald*, 67 Mo. 13 (Mo.1877). In both cases the defendant was interrupted during an assault but later resumed the assault by other means, and in each case the court held there was one continuous assault.

We hold that under the facts of this case the charge of oral and rectal sodomy was one continuing offense and the indictment was not duplicitous.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.