Robert VILLANUEVA, Movant,

v.

STATE of Missouri, Respondent.

No. 44397.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

Gail N. Gaus, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Movant appeals from denial, after an evidentiary hearing, of a Rule 27.26 motion to vacate jury convictions of assault with intent to maim with malice aforethought and sodomy. These convictions were affirmed in *State v. Villaneuva*, 598 S.W.2d 161 (Mo. App.1980). We affirm.

■ Movant first asserts he was denied bail in that persons desiring to post his bond were informed bond had been set at anywhere from $60,000.00 to $250,000.00, when in fact bond was set at $30,000.00. There was substantial evidence, however, to show that movant was informed his bond was set at $30,000.00, that the posting of ten percent in cash was acceptable, and movant was not prevented from posting bond. The trial court's finding was not clearly erroneous under Rule 27.26(j), *Ladd v. State*, 621 S.W.2d 543, 544 (Mo.App.1981).

■ Movant also contends he was placed in double jeopardy by being tried both for assault with intent to maim with malice aforethought and rape. We disagree with movant's contention. First, the assault with intent to maim with malice aforethought was a separate act from the rape. Victim was driving her taxicab and was attacked by movant, her passenger, who was riding in the back seat. Movant attempted to strangle victim with his scarf, but victim was able to free herself and exit the vehicle. Movant resumed his attack outside the automobile by repeatedly punching and kicking victim about the head and body. At this point, movant ordered victim to take off her clothes and get back into the car. Once inside the cab, he forced her to have natural, anal and oral inter-course. From the facts of this case, movant's intent as evidenced by his conduct shows the original assault was a separate act from the rape. *Vaughn v. State*, 614 S.W.2d 718, 722 (Mo.App.1981). Further, since movant was acquitted of rape, he suffered no prejudice. *State v. Jenkins*, 622 S.W.2d 281, 283 (Mo.App.1981).

■ Movant also makes the usual complaint of incompetent counsel. The judgment of the trial court, that counsel used the customary skill of a fairly able advocate, *see, Ladd v. State, supra,* is based on findings of fact which are not clearly erroneous. No error of law appears and discussion of this point would have no precedential value. Rule 84.16(b).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.