**Robert VILLANEUVA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51366.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 23, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

---

Beth S. Ferguson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Paul LaRose, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 27.26 motion. The sentence sought to be corrected was for two consecutive ten-year terms for felonious assault and sodomy. We affirm.

Movant was convicted in October of 1978 and this court affirmed that judgment. *State v. Villaneuva,* 598 S.W.2d 161 (Mo. App.1980). Movant alleged that the sentencing judge's intentions had been thwarted by actions of the Missouri Department of Correction. Movant was sentenced when its administrative policy allowed for commutation of a sentence for good behavior after 7/12 of the sentence has been served. It subsequently changed that policy to allow for release only after 9/12 of the sentence had been served.

Movant claims that he is not seeking to have his parole ordered, but is seeking to have his sentence "corrected" to comply with the intentions of the sentencing judge. He says an evidentiary hearing would have allowed him to show the sentencing judge took the Department of Correction's guidelines on commutation of sentences into consideration when he imposed sentence against the movant. In effect, he argues the judge meant to sentence him to 140 months, and the sentence is for 180 months after the changes made by the Department of Correction. He claims to have a protected liberty interest in being released when the sentencing judge intended, and asserts his due process rights under the Fifth and Fourteenth Amendments were violated by the Department of Correction's unilateral actions.

Article 4, Section 7 of the Missouri Constitution of 1945 provides: "The governor shall have the power to grant reprieves, commutations and pardons, after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper...." According to *Parrish v. Wyrick,* 589 S.W.2d 74, 78 (Mo.App.1979), the administrative guidelines that provide for commutation are based on the above constitutional provision, and as such, are left to the sole discretion of the executive branch. Therefore, even if a sentencing judge were to consider administrative guidelines when sentencing a convicted person, this would be done with the knowledge the guidelines were subject to change at the discretion of the executive branch; and the sentencing judge could not be said to have any legitimate expectation that a specified prison term would be served.

In *State v. Byrne,* 595 S.W.2d 301, 307 (Mo.App.1979), this court stated that information concerning the likelihood of probation, parole or clemency was, "extraneous to a proper determination of guilt and punishment and should be of no concern to a jury or venire panel." Likewise, the possibility of parole or clemency, other than that judicially ordered, should not concern a judge who is making a proper determination of punishment. Since the sentence is within the statutory guidelines and does not appear on its face to be improper, there

is no legitimate reason for an evidentiary hearing.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.