STATE of Missouri, Respondent,

v.

Mark BRADLEY, Appellant.

Mark BRADLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 73400.

Supreme Court of Missouri,
En Banc.

June 11, 1991.

Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Andrea K. Spillars, Asst. Attys. Gen., Jefferson City, for respondent.

PER CURIAM.

This is a consolidated appeal. First, defendant directly appeals his conviction on Count V charging him with kidnapping. He claims the count was duplicitous in that it charged the kidnapping of two victims in a single count. Second, he appeals the dismissal of his Rule 29.15 motion without an evidentiary hearing. Perceiving a potential conflict between its opinion and recent decisions of this Court and because of the general importance of the question presented, and for the purpose of reexamining existing law, the Missouri Court of Appeals, Eastern District, transferred the case here after opinion. Mo. Const. art. V, § 10; Rule 83.02.[1] The opinion adopted by this Court is, with some modifications, that of the Court of Appeals, authored by the Honorable Carl R. Gaertner. The conviction is affirmed. However, the judgment in the Rule 29.15 proceeding is reversed and remanded for further proceedings.

The facts may be briefly stated as defendant does not challenge the sufficiency of the evidence. On July 6, 1987, as Debra Moore was about to start her car in which Mandy Williams was seated, the driver's door was opened and a man wearing a stocking mask placed a knife against

---

1. References to rules are to Missouri Rules of Court 1991 unless otherwise noted.

Moore's neck. He slid in the back seat and ordered Moore to drive. After finding no money in Moore's purse, the man told her to stop. He ordered Williams to give him her jewelry and after she had complied told her to get out of the car. Moore was again ordered to drive, and the man searched her person and appropriated food stamps found in her pocket. He ordered her to stop the car, get in the back seat and perform a sex act. Moore opened the door and ran. The man pursued her, pushed her to the ground and stabbed her in the chest. At one point during the drive the man lifted the stocking mask and Moore saw his face. The next day she identified a photograph of defendant. Later both women identified defendant in a lineup of four men all wearing stocking masks.

After a four day trial, on February 25, 1988 the jury found defendant guilty of two counts of robbery in the first degree, armed criminal action, assault in the first degree, and kidnapping. On March 28, 1988, the court sentenced defendant on all five counts to a total of seventy-five (75) years of imprisonment. The court found defendant to be a prior, persistent, and class X offender. In accordance with Rule 29.07(b)(4), the court then advised defendant of his right to an appeal and examined defendant under oath as to the quality of the assistance of counsel he received during the proceedings. With defendant's consent his retained trial counsel was present throughout this interrogation. Defendant expressed his dissatisfaction with the representation he had received, specifically complaining about counsel's failure to comply with his request to call as witnesses his father, his brother, and Beverly Ratliff. Trial counsel indicated her awareness of these witnesses by providing the court reporter with Ratliff's first name and the spelling of her last name. She also prompted defendant to include his father among the uncalled witnesses. Counsel was not asked for and did not offer any response to defendant's charges of ineffective assistance.

The trial court determined there was probable cause to raise an issue of ineffective assistance of counsel and, pursuant to Rule 29.07(b)(4) directed trial counsel to file a notice of appeal and to withdraw. The public defender was appointed to perfect the appeal and to file a Rule 29.15 motion after ascertaining all facts and grounds for such motion.

## DIRECT APPEAL

■ In his only point on direct appeal, defendant challenges his conviction on Count V because he claims it charges two offenses in a single count thereby violating his rights to due process and protection against double jeopardy. Count V of the amended information in lieu of an indictment charged defendant with kidnapping Debra Moore and Mandy Williams. The verdict director based on this charge, Instruction No. 10, patterned after MAI–CR 3d 319.24, reads in part:

As to Count V, if you find and believe from the evidence beyond a reasonable doubt:

First, that on July 5, 1985, in the City of St. Louis, State of Missouri, the defendant removed Debra Moore *and* Mandy Williams from 4100 N. Grand, and

Second, that such removal was by means of forcible compulsion and was without the consent of Debra Moore *and* Mandy Williams, and

Third, that defendant removed Debra Moore *and* Mandy Williams for the purpose of facilitating the commission of robbery in the first degree, then you will find the defendant guilty under Count V of kidnapping. (emphasis added)

While it is true that Count V names two victims, it charges a single crime of kidnapping.

■ Appellant correctly states the general rule, that an information charging more than one offense in a single count is duplicitous. *State v. Mangiaracina et al.,* 344 Mo. 99, 125 S.W.2d 58, 60 (1939). Rule 23.05 provides that each offense in an indictment or information should be charged in separate counts. A well recognized exception to this rule, however, is that separate offenses may be charged in a single count when "component parts of a continu-

ous transaction committed by the same person [occur] so close in time that they [constitute] a single offense." *State v. Villanueva,* 598 S.W.2d 161, 163 (Mo.App.1980) quoting *State v. Owens,* 550 S.W.2d 211 (Mo.App.1977); *see State v. Phelps,* 478 S.W.2d 304, 307 (Mo.1972); *State v. Boone,* 289 S.W. 575 (Mo.1926).

■ The State argues that "the information charging appellant with kidnapping both victims in one count was not defective since the crimes were so related in time and space that they constituted a single offense." Although the Court does not agree with the State's characterization that the kidnapping of two victims constitutes a single offense, there is no reversible error where a prosecutor chooses to name in one count two victims of criminal acts which occur simultaneously and constitute a continuous transaction. Defendant was not prejudiced in any way. The State could have charged defendant in two separate counts resulting in convictions and sentencing for two counts of kidnapping. Furthermore, there was no vagueness, ambiguity, or risk of double jeopardy here. Count V and its verdict director were both phrased in the conjunctive. Therefore, the State increased its burden of proof because the jury had to find defendant guilty of kidnapping both victims. There is no risk that defendant could be recharged with kidnapping either victim. The jury, following the instructions given them, found defendant guilty of kidnapping Debra Moore *and* Mandy Williams. Defendant's argument, that some, but not all, jurors may have believed he kidnapped Moore while others, but not all, believed he kidnapped Williams, constitutes nothing more than unwarranted speculation and fails to overcome the presumption that each juror followed the court's instructions. *State v. Hunter,* 586 S.W.2d 345, 348 (Mo.banc 1979). Appellant's first point is denied and his conviction is affirmed.

## POST–CONVICTION PROCEEDINGS

In his second point, defendant challenges the dismissal of his *pro se* Rule 29.15 motion without an evidentiary hearing. He also challenges the effectiveness of his appointed motion counsel asserting that she failed to file an amended motion or to otherwise assist him in the post-conviction relief proceedings.

On August 29, 1989, defendant timely filed a *pro se* motion pursuant to Rule 29.15. Although it appears from the record that this was the only motion filed by defendant, it is curiously styled: "First Amended Motion to Vacate, Correct or Set Aside the Sentence and Judgment Pursuant to Rule 29.15." In his *pro se* motion, defendant asserted multiple grounds for ineffective assistance of counsel. On appeal, his brief focuses on point (1) of the *pro se* motion dealing with trial counsel's failure to interview, subpoena and call as defense witnesses Beverly Ratliff, Thomas Bradley, Sr., and Thomas Bradley, Jr. Defendant asserted in point (1) that these witnesses "would have testified to [his] whereabouts at the precise time of the alleged offense." He further alleged that he informed counsel of these witnesses and their whereabouts prior to trial.

■ Defendant's appointed counsel also filed a Rule 29.15 motion on August 29, 1988. It should be noted this was the final day such a motion could have been timely filed. On its face the motion filed by counsel is clearly a nullity. Nowhere did movant sign or verify it nor does it state facts sufficient to warrant post-conviction relief. Along with the motion, however, appointed counsel filed a motion for a continuance in order to amend the motion. She stated a continuance is necessary "for the reason that additional time is needed to establish grounds for ineffective assistance of counsel and to contact alibi witnesses." The court granted counsel an additional thirty days to amend the motion. Counsel, however, never filed an amended motion. The record is silent as to whether counsel ever contacted defendant regarding his post-conviction proceedings let alone whether she contacted the named alibi witnesses. On June 5, 1989, the court filed its findings, conclusions, and order denying defendant's *pro se* motion without an evidentiary hearing.

■ Review of the motion court's action is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The motion court's findings, conclusions, and order are clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made. *Clemmons v. State,* 785 S.W.2d 524, 527 (Mo.banc 1990), *cert. denied,* — U.S. —, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).

■ The motion court found defendant was not entitled to an evidentiary hearing because a request for a hearing was not filed as required by Rule 29.15(g). This finding was clearly erroneous. The motion court apparently overlooked defendant's request for an evidentiary hearing in the prayer of his *pro se* motion. Nevertheless, even though the stated reason for the court's ruling is incorrect, the judgment should be affirmed if the action is sustainable on other grounds. *Casey v. State,* 769 S.W.2d 829, 831 (Mo.App.1989). Accordingly, other issues raised by the parties will be examined.

■ At the outset the Court must determine the question of jurisdiction. As previously noted, the motion filed by appointed counsel, not signed by defendant nor verified and stating no facts, was insufficient to invoke the jurisdiction of the court. *Kilgore v. State,* 791 S.W.2d 393, 395 (Mo.banc 1990). However, defendant's *pro se* motion was timely filed and was subscribed and sworn to by defendant before a notary. Nevertheless, the State argues it was inadequate because the purported verification was not in the form prescribed by Rule 29.15(d) and because the motion failed to state facts, rather than conclusions, showing defendant entitled to relief. Here the Court is concerned with the very basic question of whether the *pro se* motion is sufficient to invoke jurisdiction. If it is sufficient for that purpose, the question then becomes what effect follows from a record that is utterly silent as to any action taken by appointed counsel after such

counsel is afforded an opportunity to amend the motion.

Rule 29.15(d) provides:

*Contents of Motion.* The motion to vacate shall include every ground known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.

Two recent decisions of this Court have pronounced that an unverified Rule 29.15 motion is a nullity, which fails to invoke the court's jurisdiction. *Malone v. State,* 798 S.W.2d 149, 151 (Mo.banc 1990), *cert. denied,* — U.S. —, 111 S.Ct. 2044, 114 L.Ed.2d 128 (1991); *Kilgore,* 791 S.W.2d 393 at 395. In this case the Court is confronted with a motion signed and verified by the movant, but which lacks his declaration that he has listed all grounds for relief known to him and his acknowledgment of waiver of unlisted grounds. Does such a motion suffer the same fatal jurisdictional infirmity as an unverified motion? The Court concludes it does not.

There are two reasons for reaching this conclusion. First, § (d) of Rule 29.15 must be read *in pari materia* with § (e) which directs appointed counsel to allege by amendment additional grounds for relief omitted from a previously filed *pro se* motion. Holding that the failure to declare that all grounds for relief have been listed to be a jurisdictional defect that renders the *pro se* motion a nullity would be inconsistent with holding such a motion sufficient to vest the court with the power and authority to appoint counsel and to permit an amendment.

Second, the purpose of the verification requirement is said to be "to discourage frivolous and unfounded allegations which must be addressed by trial courts already over burdened with a proliferation of post-conviction remedy motions." *Malone,* 798 S.W.2d at 151, quoting from *West v. State,* 787 S.W.2d 856, 857 (Mo.App.1990). The purpose of the declaration requirement is

to assure finality of the adjudication in a single proceeding. *Malone*, 798 S.W.2d at 151; *Fields v. State*, 572 S.W.2d 477, 483 (Mo.banc 1978). The objective of final adjudication in a single proceeding is accomplished by virtue of the requirement of Rule 29.15(d) that every ground known to movant be included and by the prohibition against successive motions found in Rule 29.15(k). Thus, no declaration by the movant is necessary in order to achieve the goal of finality. The goal of discouraging frivolous and unfounded allegations may only be attained by requiring the movant to swear to the truth of his averments under exposure to the penalties for perjury. The insertion of a comma, a punctuation mark used to separate grammatically *independent* clauses, *Follett, Modern American Usage*, p. 408 (1966), points to the distinction between the verification and the declaration clauses of the sentence.

For these reasons, the timely filing of defendant's verified *pro se* motion, even though it fails to include the declaration required by Rule 29.15(d) was sufficient to invoke the jurisdiction of the court. Counsel appointed pursuant to Rule 29.15(e) could and should have supplied the required declaration in a timely amended motion signed and sworn to by defendant.

■ The State's attack upon the sufficiency of the allegations of the *pro se* motion to state a claim showing defendant entitled to relief is viewed in similar fashion. Defendant alleged ineffective representation of trial counsel in that she failed to interview, subpoena, and call certain named witnesses of whose whereabouts she was informed and who would have testified to his whereabouts at the precise time of the alleged offense. That it is a frivolous allegation refuted by the record is not so apparent as it is identical to the assertion made by defendant at sentencing that formed the basis of the finding of probable cause to appoint counsel pursuant to Rule 29.07(b)(4). Any defect relating to a lack of specificity is subject to correction by counsel who is appointed for the purpose of and with the obligation to "state factually and in lawyer-like fashion the ba-

sis for all claims of relief." *Fields*, 572 S.W.2d at 483.

■ It is well-settled that a charge of ineffective assistance on the part of a post-conviction motion attorney is not cognizable on direct appeal of a post-conviction proceeding. *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990); *Young v. State*, 770 S.W.2d 243, 250 (Mo.banc 1989); *Lingar v. State*, 766 S.W.2d 640, 641 (Mo.banc 1989), *cert. denied* —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). This rule, however, has no application to a situation in which the record shows not mere ineffectiveness but such a total default in carrying out the obligations imposed upon appointed counsel by Rule 29.15(e) as to constitute abandonment. *Sanders v. State*, 807 S.W.2d 493, 494 (Mo. banc 1991); *Luleff v. State*, 807 S.W.2d 495, 497 (Mo. banc 1991); *Luster v. State*, 785 S.W.2d 103, 106 (Mo.App.1990); *Parker v. State*, 785 S.W.2d 313, 314 (Mo. App.1990); *Webster v. State*, 796 S.W.2d 79, 80 (Mo.App.1990).

The record presented here is substantially similar to those in *Sanders* and *Luleff*. On March 28, 1988, the court entered an order appointing the public defender to perfect defendant's direct appeal and to ascertain whether facts or grounds for the filing of a 29.15 motion exist and, if so, to file such a motion. On August 29, 1988, appointed counsel filed an unverified Rule 29.15 motion alleging trial counsel's failure to investigate alibi witnesses together with a request for an additional thirty days, stating more time was needed to contact alibi witnesses. This request was granted. On that same date, defendant's verified *pro se* motion, which contained the names and addresses of three alibi witnesses, was filed with the court clerk. No amended motion has been filed although the record reflects a copy of the motion was sent to the public defender on September 13, 1988. Nothing in the record shows any action taken by appointed counsel between August 29, 1988 and June 5, 1989, the date upon which the court summarily dismissed the motion.

■ The state argues that the Court should infer that failure to file an amended

motion was a "conscious choice" made by counsel rather than an abandonment. The teaching of *Sanders* and *Luleff* is that a record silent as to whether counsel made the determinations required by Rule 29.-15(e) creates a presumption that counsel did not comply with that rule. Before dismissing the petition, the motion court is obliged to confirm that counsel complied with Rule 29.15(e) and, if counsel did not comply and such noncompliance is not attributable to the movant, new counsel should be appointed who will proceed anew according to the rule. In addition, the motion court may deem it advisable to refer a lawyer who has abandoned a client to the appropriate disciplinary committee of the bar. The procedure described in *Luleff* and *Sanders* must be followed here. The claim that counsel made a conscious choice is not shown in the record and is rejected.

The order dismissing the post-conviction motion without a hearing is reversed and that cause is remanded to the motion court for proceedings consistent with this opinion.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and McHANEY, Senior Judge, concur.