STATE of Missouri, Respondent,

v.

Keith Allen ASH, Appellant.

Keith Allen ASH, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 59253, 61213.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 17, 1992.

Elizabeth Haines, St. Louis, Lew Anthony Kollias, Raymond Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal of judgment finding Defendant guilty of robbery in the second degree pursuant to § 569.030, RSMo 1986, and judgment denying his Rule 29.15 motion. We affirm.

The evidence as adduced at trial viewed in the light most favorable to the verdict is as follows: At approximately 2:30 a.m. on March 28, 1989, two men robbed Ricky Ritz who was working at the Pump Handle Mobil Station in Sullivan, Missouri. The taller of the two men ordered Ritz to give them all the money in the cash register or he would kill him. After Ritz gave them the money in the register, the man ordered Ritz to the back room. Ritz remained in the back room for five minutes. He then called his manager and the Sullivan police department. When the police arrived, he described the taller man as being 5'7" or 5'8", with dark brown collar-length hair and a mustache, wearing faded jeans with a torn bottom, a white T-shirt with a decal, and a faded jean jacket. The police officers canvassed the area. Officers Cuneio and Hughes spoke to Rita Richards who was working at a Shell station several miles away. Richards told them she saw two men at the Shell station around midnight whom she believed fit the descriptions given to the officer by Ritz. Richards could not identify the two men, but she felt she recognized one of them from Sullivan High School which she had attended. Officer Hughes got a 1988 Sullivan High School yearbook, and Richards recognized the Defendant as one of the two men who had come to the Shell station. At this time,

Hughes took the yearbook to Ritz and asked him to look at it for a possible match. Ritz recognized the Defendant as the taller man who had done the talking during the robbery. At this time Ritz made a second statement concerning the identity of the robbers, which reiterated his original description.

After being advised by officers he was the subject of a robbery investigation, Defendant came to the police department. While Defendant talked with an officer in a room with a two-way mirror, Ritz identified him as one of the robbers. The officers arrested Defendant. At this time, Ritz made a third statement in which he described his assailant as wearing a long-sleeved dark blue shirt and jeans.

Defendant waived his right to a jury trial and the court tried his case on August 24, 1990. At trial, Ritz described his assailant as wearing a long-sleeved dark blue shirt and jeans and identified Defendant as that assailant. The court found Defendant guilty and on October 22, 1990, sentenced him to five years in the Missouri Department of Corrections. Defendant appealed his conviction. He also filed a Rule 29.15 motion, which the motion court denied after an evidentiary hearing. Defendant appealed this denial and his appeals were consolidated.

Defendant first argues the trial court erred by overruling his motion for judgment of acquittal because the State did not produce sufficient evidence to convince a rational trier of fact Defendant was guilty beyond a reasonable doubt. We must give the trial court's findings the same deference as a jury verdict and must affirm if such verdict is supported by substantial evidence. *State v. Isom*, 660 S.W.2d 739, 740[1] (Mo.App.1983). We cannot reverse merely because of discrepancies in the testimony of the State's witnesses. *State v. Newberry*, 605 S.W.2d 117, 121[1] (Mo. 1980). Further, the determination of the credibility of the witnesses and the weight accorded their testimony is within the province of the trier of fact. *Id.* at 121[2].

Defendant asserts the only testimony identifying him as the assailant is the

uncorroborated testimony of Ritz, and this testimony was so contradictory as to not be supported by substantial evidence. However, there is no requirement the testimony of Ritz be corroborated. Corroboration of a victim's testimony is only required in two instances: (1) when the witness is a victim of a sex crime, *State v. Nelson*, 818 S.W.2d 285, 288[6] (Mo.App.1991); and (2) when a witness makes inconsistent statements at trial and the statements are " 'so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of *all* probative force.' " *State v. Kuzma*, 745 S.W.2d 700, 702[2] (Mo.App.1987), quoting *City of Kansas City v. Scanland*, 506 S.W.2d 18, 20 (Mo.App.1974). However, Ritz's testimony at trial was consistent and was not contradictory. Defendant's attorney impeached Ritz's testimony with his prior inconsistent description of his assailant. The determination of which statement to believe if there are inconsistencies lies with the trial court. *Newberry*, 605 S.W.2d at 121[2]. Therefore, the evidence was sufficient to permit a finding of guilt beyond a reasonable doubt. Point denied.

Defendant also asserts the trial court erred in denying his Rule 29.15 motion because he was denied effective assistance of counsel when his trial counsel failed to call his alibi witnesses. Our review of the trial court's decision is limited to a determination of whether it is clearly erroneous. Rule 29.15(j).

█ Defendant's mother and stepfather were willing to testify Defendant came home at 2 a.m. and talked with them until 3 a.m. on the morning of the robbery.

The robbery occurred at 2:30 a.m. At the hearing on Defendant's 29.15 motion, Defendant's attorney testified he interviewed Defendant's parents. He then decided not to call them to testify because Defendant's mother could have corroborated Ritz's last identification of the assailant as wearing blue jeans and a dark blue shirt. He discussed this decision with Defendant and Defendant's parents and they agreed. A decision not to call witnesses to testify is a matter of trial strategy and is virtually unchallengeable. *Brown v. State*, 785 S.W.2d 759, 762[4] (Mo.App.1990). Recent cases regarding alibi witnesses have held counsel was ineffective for failure to interview or investigate alibi witnesses. *See, e.g., State v. Hayes*, 785 S.W.2d 661 (Mo. App.1990); and *Perkins–Bey v. State*, 735 S.W.2d 170 (Mo.App.1987). However, in this case, Defendant's attorney did interview the alibi witnesses. He then made an informed decision based on trial strategy not to call Defendant's parents. We cannot say the trial court clearly erred in denying Defendant's 29.15 motion. Point denied.

*Judgment affirmed.*

AHRENS, P.J., and REINHARD, J., concur.