**STATE of Missouri, Respondent,**

v.

**Yeprem KHOSHABA, Appellant.**

**Yeprem KHOSHABA, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 62791, 64324.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 31, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Appellant, Yeprem Khoshaba, was charged as a prior, persistent and class X offender by an amended information with second degree burglary of the home of Vito Palazolla at 3925 Pennsylvania in the City of St. Louis, in violation of § 569.170, RSMo 1986. He was found guilty by a jury in the Circuit Court of the City of St. Louis and was sentenced to twenty years. Subsequently, he filed a *pro se* Rule 29.15 motion and later an amended motion, which were denied without an evidentiary hearing.

On appeal, appellant claims that the motion court clearly erred by denying his motion for ineffective assistance of trial counsel in that: (1) trial counsel failed to properly advise him of his right to testify and by trying to put forth a perjurious defense; (2) the motion court failed to issue findings of fact and conclusions of law on all the issues presented in his amended motion; (3) trial counsel failed to subpoena Susan Shrout as a witness because she would have corroborated

his version of the facts; and (4) the motion court used his and his post-conviction counsel's responses to the trial court's improper examination of him at the sentencing hearing to deny him relief violating his right to counsel at all critical states of the proceedings against him, his right to effective assistance of counsel, and his right to remain silent. In his fifth point, appellant asserts that the trial court erred when it submitted instruction number 4 defining reasonable doubt. We affirm.

Appellant does not challenge the sufficiency of the evidence. On October 23, 1991, Brian Bell was at his home at 3921 Pennsylvania in the City of St. Louis. At approximately 4:00 p.m., Bell looked out his kitchen window and saw two men in the yard of his neighbor, Vito Palazolla. Bell saw one tall man and one short man messing with the storm windows and knocking on the back door. Bell then saw the short man kick in the back door and both men enter Mr. Palazolla's home. Bell then called "911."

Before the police arrived, Vito Palazolla returned home with his two sons, Chris and Brad. Vito parked his car behind a car which was parked in his spot in the alley behind his home. As Vito got out of his car, he noticed that his back door was open. As Vito went towards his back door, Bell came out to inform Vito that he had seen two men break into Vito's home and that Bell believed that they were still inside. Vito entered through the back door. He saw two men leaving through his front door. Vito saw a tall man closing the door and a short man going down the front steps.

A few minutes later, the same two men that Vito had seen leaving his apartment walked into his backyard. The tall man stood by the car parked in Vito's spot and the short man approached Vito. Bell watched this conversation from his kitchen window. The short man first asked Vito if his home had been broken into and then suggested that his "brothers might have done it" because the car in Vito's spot was the brothers' car. The short man then reached into his coat pocket, pulled out a bag

containing a rolled-up green substance and said, "I also sell crack."

The two men subsequently got into their car and attempted to flee down the alley. The Palazollas followed the men down the alley and saw the two men get caught in a dead end, exit the car, and escape on foot. Back at the apartment, a VCR, jewelry and some other items were piled on Vito's bed. The remote to the VCR was missing.

Vito, Chris, and Bell viewed a police photographic lineup within a week of the burglary. Chris positively identified appellant as the short man; Vito tentatively identified appellant as the short man that spoke to him in the backyard; and, Bell was unable to identify anyone.

After appellant had been identified in the photo spread, the police picked him up, read him his rights, and then questioned him. Initially, appellant claimed that he could not have committed the burglary because he was in jail on October 23, 1991. Police investigated and discovered that although appellant was in jail on the 23rd, he was released at 1:18 p.m., before the burglary which occurred at approximately 4:00 p.m. When the police informed appellant that they knew he had been released prior to the burglary, appellant stated that he did what he had to do to support his pregnant girl friend and his drug habit. Appellant then stated that he did not want to say anything else because he did not want to be in jail when his child was born.

About a week after the photo spread, the police asked Vito, Chris, and Bell to come down to the police station to view a lineup. Vito and Chris identified the appellant as the man who had spoken to Vito in the backyard. Bell did not identify anyone. However, Bell was positive that the short man who kicked in the back door and the short man who spoke to Vito in the backyard were the same person.

Appellant filed *pro se* and first amended motions pursuant to Rule 29.15 and requested an evidentiary hearing. The motion court denied appellant's motions without an evidentiary hearing.

In his first point, appellant contends that the motion court clearly erred in denying his motion for ineffective assistance of trial counsel without an evidentiary hearing in that his trial counsel failed to act as a reasonably competent attorney under the same or similar circumstances by failing to properly advise appellant on his rights to testify and by trying to put forth a perjurious defense.

■ We first address appellant's claim that trial counsel tried to put forth a perjurious defense. Appellant's points must be developed by an argument in his brief, including "appropriate case law support." *Hoffman v. City of Town and Country,* 831 S.W.2d 223, 226[6] (Mo.App.1992). Where appellant's point is not developed in the argument portion of his brief, it is considered abandoned. *Id.; State v. Schmidt,* 865 S.W.2d 761, 763[2] (Mo.App.1993); *See also* Rule 84.04(a), (d), (e), (h).

Appellant does not address his claim that trial counsel attempted to "put forth a perjurious defense" in the argument portion of his brief. Appellant cites no case law to support his claim. Therefore, this part of appellant's first point is considered abandoned and will not be addressed.

■ We must uphold the motion court's findings of fact and conclusions of law unless they are clearly erroneous. *State v. Flenoid,* 838 S.W.2d 462, 470[17] (Mo.App.1992). The motion court's findings and conclusions should only be overturned if a full review of the record definitely and firmly reveals that a mistake was made. *Id.*

■ To establish ineffective assistance of counsel, movant must prove that his attorney failed to conform his representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances and that appellant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984).

■ Before a movant is entitled to an evidentiary hearing, his motion must meet these requirements: (1) it must allege facts, not conclusions, that would warrant relief if true; (2) the record must not refute those facts; and (3) the matters complained of must have prejudiced the movant. *Flenoid,*

838 S.W.2d at 470[22]. Further, Rule 29.-15(g) provides that the motion court is not required to hold an evidentiary hearing where "the files and records of the case conclusively show that the movant is entitled to no relief."

■ The motion court went to considerable lengths to address this claim of appellant. During appellant's sentencing hearing, appellant insisted on discussing this claim that his trial counsel improperly advised him as to his rights to testify. The motion court questioned appellant's trial counsel as to appellant's claim. She replied that because of appellant's prior convictions, she had advised him that it was "not in his best interest to take the stand ... however, the decision was left to him." Appellant admitted to the motion court that he knew "way before anyone told [him]" that he could take the stand if he wanted to. Moreover, the motion court asked appellant, "[i]s it correct that it was ultimately left to you whether you would take the stand or not? You knew it was your choice[?]" Appellant responded, "I knew it was up to me."

Appellant clearly and unambiguously stated that he knew that the decision whether to take the stand was his. Moreover, the motion court found that trial counsel's advice was well warranted. Appellant is not entitled to an evidentiary hearing where, as here, the record on appeal refutes his point. *Flenoid,* 838 S.W.2d at 470[22].

■ In his second point, appellant contends that the motion court clearly erred in denying his motion in that it failed to issue findings of fact and conclusions of law on all of the issues raised in his amended motion. Specifically, he contends the court neglected to address the *pro se* issues incorporated in his amended motion.

The motion court declined to issue findings of fact and conclusions of law concerning the *pro se* allegations that appellant refers to because it found the document entitled "Further Pro Se Allegations" was neither verified nor timely filed pursuant to Rule 29.15.

Rule 29.15(d) provides that: "The movant shall verify the motion, declaring that he has listed all grants for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion."

Our Supreme Court, in *State v. Bradely,* 811 S.W.2d 379, 383[8] (Mo.banc 1991), held that a *pro se* motion signed by the movant and sworn to before a notary is sufficient to invoke the language specified under Rule 29.15(d) even though it lacked the specific declaratory language of the Rule. The Court noted that the purpose of the verification requirement is to "to discourage frivolous and unfounded allegations which must be addressed by trial courts already overburdened with the proliferation of postconviction remedy motions." *Id.* Moreover:

> the purpose of the declaration requirement is to assure finality of adjudication in a single proceeding. [Citation omitted.] The objective of final adjudication in a single proceeding is accomplished by virtue of the requirements of Rule 29.15(d) that every ground known to movant be included and the prohibition against successive motions found in Rule 29.15(k). Thus, no declaration by the movant is necessary in order to achieve the goal of finality.

*Id.* at 383–384[8]. Therefore, the Court concluded that a motion which was signed and sworn to by the movant before a notary was sufficiently verified for the purposes of invoking the jurisdiction of the motion court. *Id.* at 384[8].

However, here, appellant's "Further Pro Se Allegations" are neither "signed" nor "sworn to by appellant before a notary." The record reflects that appellant's verification was directed only to his original *pro se* motion and his first amended motion, but not to the "Further Pro Se Allegations." Appellant's verification states that appellant has:

> read the *foregoing amended motion;* that [he knew] the contents thereof; that the above information [was], to the best of [his] knowledge, true and correct; that [he had] listed every ground known to [him] for vacating, setting aside or correcting the conviction and sentence attacked in this motion; and that [he understood] that [he] waive[d] and ground for relief known to

[him] that [he had] not listed in this motion.

(Emphasis added.) The "Further Pro Se Allegations" followed this verification and, are not included by its express language.

Moreover, in his first amended motion, appellant specifically incorporates "by reference" appellant's *pro se* motion "filed *previously*." (Emphasis added.) This previously filed motion is contained in the postconviction legal file before the amended motion. Appellant verified his first amended motion and the points incorporated by his original *pro se* motion. The motion court correctly found appellant's "Further Pro Se Allegations" are unverified, therefore, failed to invoke the motion court's jurisdiction.

■ In his third point, appellant contends that the motion court clearly erred in denying his motion for post conviction relief without an evidentiary hearing because appellant requested a hearing, and the record does not conclusively show that appellant is entitled to no relief. Appellant bases his claim on his attorney's failure to call appellant's girlfriend, Susan Shrout, to testify as a witness at trial. Appellant claims that Shrout's testimony "would have corroborated appellant's version of the events." The motion court reviewed trial counsel's reasons for not calling Shrout as a witness and held that trial counsel's decision was a "valid trial strategy."

■ The decision not to call a witness to testify "is a matter of trial strategy" and as such "is virtually unchallengeable." *State v. Ash,* 840 S.W.2d 304, 306[4] (Mo.App.1992). "If a potential witness' testimony would not unqualifiedly support the defendant, the failure to call such a witness does not constitute ineffective assistance of counsel." *State v. McElroy,* 838 S.W.2d 43, 49[14] (Mo.App. 1992). Moreover, the movant must prove that the witness could have been located through reasonable investigation, the witness would have testified if called, and the witness' testimony would have provided a viable defense. *State v. Campbell,* 830 S.W.2d 475, 478[6] (Mo.App.1992).

Appellant claims that Shrout's testimony "would have corroborated [appellant's] version of the events...." Appellant claims

Shrout would have testified that he "had her car." Additionally, appellant claims that Shrout knew about appellant's plan to rent the car to two persons for "two rocks [of crack]."

The record reflects that at sentencing, the trial court examined trial counsel as to her reasons for not calling Ms. Shrout. Trial counsel stated:

> ... it was my belief that [Shrout] would in certain ways bolster the State's case in creating a link between the car and [appellant] that without her the State was really unable to do. In addition to that, she never indicated to me that she observed [appellant] rent the car to anybody. In fact, she—my understanding from her at the time was she didn't know—I believe the day of the incident in some period of time before the incident she didn't know where that car was, and I believe she indicated ... that she believed that the car had been stolen. ... I didn't call her [be]cause I didn't think she had anything helpful to say and I thought she could hurt, so I didn't call her.

Since trial counsel and appellant disagree as to the value of Shrout, we must defer to the motion court in its determination of the credibility of witnesses before it. *State v. Cooks,* 861 S.W.2d 769, 773[9] (Mo.App.1993).

The motion court found that the facts before it, the testimony of trial counsel and the record fully supported trial counsel's decision not to call Shrout, thus, the appellant was entitled to no relief, and, therefore the appellant was not entitled to an evidentiary hearing. Therefore, appellant's third point is denied.

■ In his fourth point, appellant contends that the motion court clearly erred in denying appellant's motion for postconviction relief pursuant to Rule 29.15 because the motion court used appellant's and his attorney's responses to the trial court's "improper examination" of appellant under Rule 29.-07(b)(4) to deny appellant relief. He argues that the trial court's Rule 29.07(b)(4) examination denied him his right to effective assistance of counsel under the Sixth and Fourteenth Amendments because it denied him

counsel at a critical stage of the proceedings against him as a criminal defendant. He also contends that the Rule 29.07(b)(4) examination denied appellant his right not to be compelled to testify against himself and his right to remain silent under the Fifth and Fourteenth Amendments.

Rule 29.07(b)(4) states in pertinent part: ... *Examination of Defendant.* If a defendant has a right to proceed under ... Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by defendant. The examination shall be on the record and may be conducted outside the presence of defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel.

Appellant's Sixth Amendment right to effective assistance of counsel was not implicated by the trial court conducting a Rule 29.-07(b)(4) examination of him because his conviction and sentencing were complete at that time. *State v. Ervin,* 835 S.W.2d 905, 931[62] (Mo.banc 1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). Further, the motion court's Rule 29.07(b)(4) examination neither compelled defendant to testify against himself at a criminal trial nor denied him his right to remain silent in violation of the Fifth and Fourteenth Amendments for the same reason. See *State v. Hurtt,* 836 S.W.2d 56, 60–1[4] (Mo.App.1992). Therefore, appellant's fourth point is denied.

In his fifth point, appellant contends that the trial court plainly erred in submitting an instruction patterned after MAI–CR3d 302.-04, defining proof "beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt," with the additional caution that "the law does not require proof that overcomes every possible doubt." Relying on *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), appellant argues that the instruction improperly lowers the state's burden of proof in a criminal case. We have rejected this argument "too many times to mention."

*State v. Roe,* 845 S.W.2d 601, 607 (Mo.App. 1992). Therefore, appellant's fifth point is denied.

Judgments affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.