Johnny JOHNSON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 11684.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 3, 1980.

Motion for Rehearing and for Transfer
Denied Oct. 22, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Blair Buckley, Jr., Caruthersville, for movant–appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

The trial court denied appellant's motion for post–conviction relief under Rule 27.26, V.A.M.R. Appellant was convicted of two counts of robbery. The jury set the punishment at five years on each count and the trial judge ordered them to be served consecutively. The convictions were reversed in *State v. Johnson*, 538 S.W.2d 73 (Mo.App. 1976), and the case was remanded for a new trial. On retrial, before a different judge and jury, appellant was again convicted of both counts, and the jury set punishment at ten years on each count. The judge ordered the sentences to run consecutively. No reason was given by the judge as to why he did so. Appellant did not appeal these convictions. Appellant does not contend that the jury at the second trial knew of the punishments assessed by the first jury and the trial judge hearing appellant's motion found that they did not.

Relying on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), appellant contends that the trial judge, before he can assess a greater punishment on retrial, must set forth on the record a reason "based on objective information of conduct by the appellant occurring after the time of the original sentence." *Pearce* holds that a sentencing judge cannot retaliate against a defendant by giving him a harsher sentence after retrial because he sought and received a new trial. To prevent this from occurring, it states that if there is a harsher sentence

given, then the judge must state some justifiable reason for it. That case has no application here as the sentences were set by a jury that did not know the prior punishment assessed. When a jury sets the punishment they are not limited by the sentence set at the first trial; the "vindictiveness" condemned in *Pearce* cannot be present in a jury unaware of the prior sentence. *Chaffin v. Stynchcombe*, 412 U.S. 17, 24–28, 93 S.Ct. 1977, 1981–1983, 36 L.Ed.2d 714 (1973); *State ex rel. Westfall v. Mason*, 594 S.W.2d 908, 913–915 (Mo. banc 1980); *Kansas City v. Henderson*, 468 S.W.2d 48, 52–53 (Mo.1971), cert. denied, 404 U.S. 1004, 92 S.Ct. 570, 30 L.Ed.2d 557 (1971); *Spidle v. State*, 446 S.W.2d 793, 795 (Mo.1969).

The trial court has discretion to determine if sentences should run concurrently or consecutively. *State v. Tilley*, 569 S.W.2d 346, 350 (Mo.App.1978); *Cole v. State*, 553 S.W.2d 877, 882 (Mo.App.1977). We see no reason why that discretion should not be present here. It was the jury that gave a greater punishment on each count at the second trial. The trial judge did not do so. While the judge could have ordered the sentences to run concurrently, it does not follow that by not doing so he, and not the jury, was assessing a harsher sentence. His determination to have consecutive sentences was the same as that made by the judge following the first trial; it was the jury's decision that caused appellant to receive greater sentences upon retrial.

In his reply brief appellant attempts to present a claim of error not raised in his initial brief. We cannot consider that claim. "A claim of error first set forth in a reply brief does not present an issue for appellate review." *Lytle v. Page*, 591 S.W.2d 421, 426 (Mo.App.1979).

The judgment is affirmed.

BILLINGS, P. J., and MAUS and GREENE, JJ., concur.