**Steven BASS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17059.

Missouri Court of Appeals, Southern District, Division One.

May 6, 1991.

---

John A. Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant appeals from the denial of two motions under Rule 24.035 for relief from criminal convictions following guilty pleas. The motions were consolidated in the trial court and counsel appointed. Counsel filed a motion to extend time to amend the motions. That motion was granted, but no amended motions filed. The trial court entered findings of fact, conclusions of law, and dismissed the motions without an evidentiary hearing.

Movant's point on appeal states:

The motion court clearly erred by overruling appellant's Rule 24.035 motions for postconviction relief without granting an evidentiary hearing because the proceedings in the motion court did not comply with the mandatory requirements of Rule 24.035(e) that counsel be appointed to represent movant, to ascertain all

---

grounds that form a basis for attacking movant's judgment and sentence and the facts in support thereof, and to file an amended motion which sufficiently alleges those grounds, in that, although the court ordered the special public defender office in Springfield to represent appellant, no attorney from that office filed an amended motion.

The trial court's action was previous to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). Movant's brief filed February 11, 1991, seems to anticipate those decisions. The cases involved Rule 29.15(e), but it is identical to Rule 24.035(e). They state:

> **Pro Se Motion—Appointment of Counsel—Amended Motion, Required When—Withdrawal of Appointed Counsel.** When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. For good cause shown, appointed counsel may be permitted to withdraw. If appointed counsel is permitted to withdraw, the court shall cause new counsel to be appointed.

In considering the obligations of counsel, *Luleff* 807 S.W.2d at 497–498 states:

> A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*. [footnote omitted]

The record does not comply with this requirement, understandably so, because trial court's ruling was well before *Luleff*. Therefore, the judgment is reversed and the cause remanded for the trial court to determine whether appointed counsel acted to ascertain whether sufficient facts are asserted in the pro se motions and whether movant included all grounds known to him. The trial court is to make findings on this point. If the court finds appointed counsel did not perform as required by Rule 24.035(e), and the lack of performance was not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the motions as permitted under Rule 24.035(f) and the cause shall proceed anew according to the rule.

MAUS, P.J., and CROW, J., concur.