David KAUP, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17227.

Missouri Court of Appeals,
Southern District,
Division One.

July 25, 1991.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant plead guilty to failure to return rented personal property. Section 578.150, RSMo 1986. The trial court accepted the plea and sentenced movant to the custody of the Missouri Department of Corrections for five years. Thereafter, movant filed a motion to vacate the judgment and sentence under Rule 24.035.

The trial court determined that movant was indigent and entitled to appointed counsel, and the Public Defender was appointed to represent him. After an extension of time, a timely but unverified amended motion was filed in behalf of movant by "Special District Defender." The trial court determined that it could not consider the amended motion because it was not verified as required by Rule 24.035(f). It found that the files and records of the case rebutted the contentions stated in movant's original motion and dismissed movant's claim without an evidentiary hearing. Movant appeals.

Among movant's contentions on appeal are that the trial court "should have inquired as to the reasons counsel did not obtain verification of the motion and, if the motion was not verified due to counsel's failure to obtain timely verification, the court should appoint new counsel providing additional time as specified in the rule to amend a motion on appellant's behalf." This contention has merit.

Since the trial court's ruling, *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), were decided. Those cases involved Rule 29.15(e) but it is identical to Rule 24.035(e) and their rationale is applicable to the latter rule. *Bass v. State*, 808 S.W.2d 416, 417 (Mo.App.1991).

The amended motion contains allegations that might entitle movant to relief. Filing a defective motion is tantamount to filing no motion and may constitute abandonment of movant.

The judgment is reversed and the cause remanded to the trial court for it to determine whether appointed counsel performed as required by Rule 24.035(e). If the court finds appointed counsel did not perform and the lack of performance was not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the motion as permitted under Rule 24.035(f), and the cause shall proceed anew according to that rule.

CROW and PARRISH, JJ., concur.