**Juan SOTO, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17294.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 25, 1991.

---

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Juan Soto ("movant") entered a guilty plea to one count of transportation of marihuana and to one count of felony possession of a controlled substance, and was thereafter sentenced to serve concurrent terms of imprisonment of ten years and five years respectively. In due course, movant filed a motion under Rule 24.035 to vacate the judgment and sentences imposed. The record shows that movant filed his motion pro se on October 11, 1989, and that the trial court promptly referred the matter to the public defender. An attorney from the office of public defender entered an appearance on October 26, 1989.

The record further shows no activity until a hearing that was held on October 12, 1990. Movant was represented by an attorney from the office of public defender, but who was not the attorney who had entered an appearance nearly a year earlier. The hearing resulted in a determination that no evidentiary hearing would be held, and that movant's request for relief would be denied upon preparation of appropriate findings of fact and conclusions of law. Those findings and conclusions, and judgment denying the Rule 24.035 motion, were executed and entered on November 7, 1990, and movant thereafter appealed.

Rule 24.035(f) provides the time within which an amended motion with assistance of counsel may be filed. Subdivision (e) of the rule deals with the appointment of counsel and specifically directs:

> Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

In one of his points relied on, movant states:

> The motion court clearly erred in denying appellant's Rule 24.035 motion without granting an evidentiary hearing because the proceedings in the motion court did not comply with the mandatory requirements of Rule 24.035(e) that counsel be appointed to represent a movant, to ascertain all grounds that form a basis for attacking a movant's judgment and sentence and the facts in support thereof, and to file an amended motion which sufficiently alleges those grounds, in that, appointed motion counsel did not provide appellant with representation and did not file an amended motion.

Respondent has filed a pleading conceding that the present case falls under the rule of *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). There, the court held "that the appropriate forum for addressing claims regarding a complete absence of perform-

ance by postconviction counsel on a motion for postconviction relief is in the circuit court where the motion is being prosecuted by movant." 807 S.W.2d at 497. In reviewing the duty imposed on counsel by the provisions of Rule 29.15(e), identical to those of Rule 24.035(e), the court said in *Luleff* that a silent record on whether appointed counsel made the determinations called for by the rule creates a presumption of failure to comply. It may be that a specific decision was made by counsel that no amended motion should be filed. However, *Luleff* further advises that such a decision should appear in the record, and if it does not, the motion court should make *sua sponte* inquiry about the conduct both of movant and counsel. If, through no fault of the movant, counsel has simply failed to act as anticipated by the rule, then new counsel should be appointed, with a new opportunity extended to amend the *pro se* motion. 807 S.W.2d at 498.

As in *Bass v. State*, 808 S.W.2d 416 (Mo.App.1991), the judgment was entered in the present case well before the decision in *Luleff*, and it is consequently understandable that the record does not conform to the requirements laid down in that case. Therefore, as was done in *Bass*, the judgment is reversed and the cause remanded to the trial court so that a determination can be made as to whether counsel did in fact ascertain that sufficient facts were asserted in the *pro se* motion and that the movant had included all grounds known to him in requesting postconviction relief. If it is found that counsel effectively abandoned the movant by not acting as directed by Rule 24.035(e), and that such was not the result of movant's negligence or intentional failure to act, then new counsel shall be appointed with time allowed, if needed, for an amended motion to be filed. The postconviction matter shall then proceed anew according to the provisions of the rule.