**Danny Wayne HIGHT, Movant–Appellant,**

**v.**

**STATE of Missouri, Defendant–Respondent.**

No. 17223.

Missouri Court of Appeals, Southern District, Division One.

Aug. 5, 1991.

Marcie W. Bower, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Judge.

Appellant (movant[1] in the trial court) pleaded guilty to two counts of possession of controlled substances, one count charging possession of cocaine, and one count charging possession of methamphetamine. Section 195.020.[2] He was charged and sentenced as a persistent offender and a class X offender. Section 558.016.3 and §§ 558.-019.4(2) and (3), RSMo Supp.1988. Thereafter, movant filed a motion for post-conviction relief pursuant to Rule 24.035. The trial court denied that motion without an evidentiary hearing. Movant appeals that order. This court reverses and remands with instructions.

After movant filed his Rule 24.035 motion, the trial court appointed a public defender to represent him. The appointed

---

1. Appellant will be referred to in this opinion as "movant," his designation before the trial court.

2. Citations to statutes are to RSMo 1986 unless otherwise stated.

counsel sought and was granted leave to file an amended motion. Rule 24.035(f). On the last day for filing the amended motion, movant's appointed counsel filed an unverified amended motion that asserted no new grounds for relief. It restated the grounds for relief that were pleaded in the pro se motion more fully and with greater particularity.

The trial court denied a request for evidentiary hearing and granted the state's motion to dismiss the Rule 24.035 motion without an evidentiary hearing. Written findings of fact and conclusions of law were filed at a later date.

■ Movant presents a single point on appeal. He contends that the trial court erred in denying his Rule 24.035 motion without an evidentiary hearing because his appointed counsel was ineffective in that the counsel "did not attempt to file a verified amended motion on [movant's] behalf or state facts sufficient to warrant postconviction relief."

In considering movant's point on appeal, it is necessary to first determine whether the mere filing of an unverified amended motion by movant's attorney stating no ground for relief other than the grounds that were included in movant's pro se motion affects the outcome of this appeal. Or, stated otherwise, does the fact that an unverified amended motion was filed amount to an ascertainment by movant's appointed counsel that the pro se motion stated all grounds available for attacking movant's judgment and sentence and all facts supporting those grounds? The state argues in its brief that, notwithstanding the fact the amended motion was unverified, the trial court "fully considered" its merits; therefore, "it is unnecessary to remand this case pursuant to the recent Missouri Supreme Court decisions in *Sanders v. State,* [807 S.W.2d 493 (Mo. banc 1991)] and *Luleff v. State,* [807 S.W.2d 495 (Mo. banc 1991)]."

In *Luleff* counsel was appointed following the filing of a pro se Rule 29.15 motion. The appointed counsel did not file an amended motion on behalf of the movant in that case nor was a record made that identified why no amended motion was filed. The court remanded *Luleff* stating at 1.c. 498:

A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte,* regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f).* [Footnote omitted.]

The rationale applicable to the application of Rule 29.15(e) is equally applicable in applying Rule 24.035(e). *See Bass v. State,* 808 S.W.2d 416, 417 (Mo.App.1991).

In *Sanders* several amendments (having varying designations or titles) were filed with the motion court. All were untimely. *Sanders* differs from this case in that the subsequent amendments raised additional grounds thereby evidencing counsel's determination that there was a sound basis for amending the pro se motion. *Sanders* was remanded for the trial court to determine the cause of the untimeliness of the amendments.

In this case, no new or additional grounds for relief were stated in the unverified, albeit timely filed, amended motion. Since no additional grounds for relief were stated in the unverified motion filed in this case, the problem addressed in *Luleff* remains, viz., no determination was made "whether sufficient facts supporting the

grounds [were] asserted in the motion and whether the movant [had] included all grounds known to him as a basis for attacking the judgment and sentence." Rule 24.035(e).

 Apart from the fact that the purported amended motion, being unverified, presented nothing for the trial court to review, *see Baker v. State,* 796 S.W.2d 426, 427 (Mo.App.1990), it cannot be presumed that movant's appointed counsel made a determination that no additional ground for relief or facts in support of the grounds stated in the pro se motion should be presented. The filing of an unverified amended motion on the last day when an amended motion could be filed bespeaks of inattention. The record does not indicate whether movant's appointed counsel made the determinations required by Rule 24.-035(e). Thus, in accordance with the principle announced in *Luleff,* a presumption exists that movant's appointed counsel failed to comply with the requirements of Rule 24.035.

The order dismissing movant's Rule 24.-035 motion is reversed and the case remanded. The trial court is directed to determine whether movant's appointed counsel met the requirements of Rule 24.035(e). If the trial court finds that the requirements of Rule 24.035(e) were not met and that such failure was not caused by movant's action or inaction, new counsel should be appointed and, if necessary, allowed time in which to amend the motion and, thereafter, the case shall proceed according to the directives of Rule 24.035.

PREWITT, P.J., and CROW, J., concur.