James R. POE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44652.

Missouri Court of Appeals,
Western District.

Dec. 3, 1991.

David S. Durbin, Appellate Defender and Jeanne Haas McKenna, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

PER CURIAM.

Appellant James R. Poe was charged with three offenses stemming from an automobile accident. He pleaded guilty to involuntary manslaughter; he was eventually found guilty by a jury of leaving the scene of an accident; the third charge against him was dismissed. On the two convictions, the trial court sentenced appellant to respective prison terms of seven and five years, and ordered that the sentences be served consecutively.

Appellant timely filed a pro se motion for post-conviction relief pursuant to Rule 29.-15. As his sole ground for relief, appellant requested that his sentences be run concurrently. Appointed motion counsel filed no amended motion on appellant's behalf and made no request for an evidentiary hearing. The motion court summarily denied relief.

On appeal, appellant claims abandonment by appointed motion counsel and seeks remand pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991).

The record reflects the following activity in appellant's Rule 29.15 proceedings: After receipt of appellant's pro se motion, the motion court appointed the state public defender on September 5, 1990. Appointed motion counsel applied for an extension for filing an amended motion on September 24, 1990. On the same date, motion counsel also filed a request for production of documents and a motion for appellant's trial transcript. The motion court received the response to the request for documents on September 27, 1990, and mailed a copy to motion counsel on October 2, 1990. The motion court issued its findings of fact and conclusions of law, denying relief on February 26, 1991.

Arguing abandonment, appellant maintains that appointed motion counsel failed to comply with the directives of Rule 29.-15(e). In support, appellant points to his counsel's failure to file an amended motion even though his sole pro se claim was not cognizable in a Rule 29.15 proceeding. Appellant also emphasizes that nothing in the record shows why motion counsel failed to amend. The state counters by insisting that the record reflects objective evidence to show appointed motion counsel's fulfillment of the requisite duties under Rule 29.15(e). According to the state, filing for an extension and moving for a transcript and documentation provided motion counsel with sufficient time and a reasonable basis for determining whether to file an amended motion.

In *Luleff*, 807 S.W.2d at 497–98, our supreme court held that abandonment occurs when appointed motion counsel fails to comply with the specific requirements of Rule 29.15(e):

> Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Under *Luleff*, a record that does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule. *Id.* at 498. Counsel, who determines that filing an amended motion is unwarranted, should make that determination a part of the record. *Id.*

In *Luleff*, because the record reflected a total absence of any activity by appointed counsel, the supreme court remanded for a determination of compliance with Rule 29.15(e). *Id.* However, remands pursuant to *Luleff* have occurred in cases showing some activity by appointed counsel: Counsel made entries of appearance, *State v. Fondren*, 810 S.W.2d 685, 690 (Mo.App.1991); counsel requested an extension for filing an amended motion, *State v. Bradley*, 811 S.W.2d 379, 384 (Mo. banc

1991); *State v. Robertson*, 816 S.W.2d 952, 954 (Mo. banc 1991); *Bass v. State*, 808 S.W.2d 416, 417 (Mo.App.1991); counsel filed a timely amended motion which lacked proper verification or additional grounds, *Crawford v. State*, No. 44235, slip op. at 3 (Mo.App., W.D., Oct. 1, 1991); *Hight v. State*, 813 S.W.2d 368, 369 (Mo.App.1991); *Kaup v. State*, 812 S.W.2d 558, 559 (Mo. App.1991). Without an explicit showing on the record of counsel's reasons for not filing an amended motion, the courts in the above-cited cases have refused to infer compliance with Rule 29.15(e). Even though the record may reflect some activity by appointed counsel to demonstrate compliance with Rule 29.15(e) the record must explicitly reflect that counsel acted to ascertain whether sufficient facts were asserted in the pro se motion and whether the movant included all known grounds. *See Bradley*, 811 S.W.2d at 384–85; *see also Hight*, 813 S.W.2d at 369–70; *Fondren*, 810 S.W.2d at 690.

■ In the present case, appellant's appointed motion counsel took appropriate steps to ascertain the necessity of filing an amended motion by requesting an extension, a trial transcript, and other documents. However, the record shows no activity by counsel on appellant's behalf after making those requests. Nothing in the record discloses whether counsel actually received and reviewed the requested materials, and made a conscious choice not to amend appellant's pro se motion. A record which is silent on whether counsel made the determinations required by Rule 29.15(e) creates a presumption of noncompliance. *Bradley*, 811 S.W.2d at 385.

We accordingly remand the cause for a determination of abandonment by appointed motion counsel pursuant to the procedure set forth in *Luleff*, 807 S.W.2d at 498.