**Rhonda G. FANDRICH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60263.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 7, 1992.

Robert L. Fleming, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant, Rhonda G. Fandrich, appeals from an order of the Circuit Court of St. Francois County denying her Rule 24.035 motion without an evidentiary hearing. We affirm.

On June 22, 1990, movant pled guilty to two counts of the Class D felony of passing a bad check, RSMo § 570.120. Movant agreed to enter a guilty plea to these two counts in exchange for the State's dismissal of five similar counts. Additionally, the State agreed to recommend a sentence of no more than three years on each count, concurrent to each other and consecutive to the four years movant was currently serving. Movant was sentenced on August 17, 1990, per the plea agreement.

On November 28, 1990, movant filed a *pro se* Rule 24.035 motion. Counsel was appointed for movant on November 29, 1990, and pursuant to a request for an extension of time, an amended motion was filed on January 30, 1991. In her motions, movant alleged she had received ineffective assistance of counsel in that counsel allegedly induced movant to plead guilty and waive her rights to a preliminary hearing and trial. Movant alleged that she agreed to plead guilty in reliance on her counsel's assurance that movant would not have to serve additional prison time beyond what she was currently serving or, in the alternative, that movant would receive 120 day shock imprisonment followed by parole. On April 11, 1991, the motion court issued its findings of fact and conclusions of law denying movant relief. This appeal followed.

This court's review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The ruling of the motion court is clearly erroneous only if a review of the entire record leaves the court with a definite and

firm impression that a mistake has been made. *Clemmons v. State,* 785 S.W.2d 524, 527 (Mo. banc 1990).

 Movant's first point on appeal is that the motion court erred in finding her *pro se* 24.035 motion for post-conviction relief untimely. Movant was sentenced on August 17, 1990. Under 24.035(b), movant had 90 days from the date of her commitment to the Department of Corrections in which to file her appeal. As there is nothing in the record to indicate the exact date movant was committed and thus, no way to determine the date the 90 days began to run, the motion court had no basis for finding the motion untimely. We note, however, that although the motion court found that movant's motion was not timely filed, the court did go on to consider the allegations in the motion. Therefore, movant suffered no prejudice from the incorrect finding of the motion court. Point denied.

 The next point on appeal alleges the court erred in not finding that movant was prejudiced by ineffective assistance of counsel. Specifically, movant suggests that counsel misled her regarding the effect of the plea. After a careful review of the plea hearing transcript, we conclude that movant was adequately represented by counsel. The transcript of guilty plea and sentencing proceedings provides in relevant part:

Q [By the Court] ... When it comes around time for your sentencing, the State has agreed to a maximum sentence of three years total on these two new charges to be consecutive to what you're doing now. Now, that's what they're going to argue for. Your attorney is going to argue for something less than that, perhaps shorter sentencing, perhaps concurrent time. The decision will be up to me as to what I do. Do you understand that plea bargain agreement?
A. Yes, sir.
Q. The decision will be up to me with the sentencing, that as I view it. Any time the State has made a recommendation of a cap, I am locked into that as the maximum that I could give you; in other words, by my accepting your plea of guilty here today, I have locked myself into their maximum recommendation, as the worst thing that can happen to you will be a three year consecutive sentence.
A. Yes, sir.
Q. Is that clear?
A. Yes, sir.
Q. So other than what we've just talked about, the fact that the Court has now locked into a three year maximum sentence to what you're doing, any promises of probation if made are not binding on the Court, and the Court can impose any sentence within the range of punishment, subject to that maximum cap. Do you understand that?
A. Yes, sir.

In view of the above testimony, we find these records amply refute movant's claim. Point denied.

 Movant's third point on appeal suggests the motion court erred in relying on *State v. Vinson,* 800 S.W.2d 444 (Mo. banc 1990) and finding the amended motion a nullity due to inadequate verification. Rule 24.035(f) provides, "Any amended motion shall be verified by movant." Where the amended motion is not verified, the motion is a legal nullity. *Vinson,* 800 S.W.2d at 447. Lack of verification may, however, suggest abandonment of counsel. *Kaup v. State,* 812 S.W.2d 558, 559 (Mo. App., S.D.1991). Such allegations normally require remand to the motion court for a finding of whether counsel abandoned the movant. *Id.* Here, because of the inadequate verification of the amended motion, the court reviewed only the *pro se* motion and found the allegations in movant's motion without merit. However, it is important to note that no *new* allegations were raised in movant's amended motion, so remand is not necessary. A remand would serve no purpose where the motion court has afforded the defendant a full review on all of his claims. *See Frederick v. State,* 818 S.W.2d 677 (Mo.App., W.D.1991). Point denied.

We find no merit in any of appellant's points on appeal; therefore, we affirm the ruling of the motion court.

REINHARD, P.J., and CRANE, J., concur.