**Ronald Keith CRAWFORD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 74421.**

Supreme Court of Missouri, En Banc.

June 2, 1992.

Ellen H. Flottman, Columbia, David Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Elizabeth L. Ziegler, Asst. Attys. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Special Judge.

Ronald Keith Crawford (movant) pleaded guilty to ten felony offenses.[1] He was sentenced as a class X offender to two twenty-five year terms of imprisonment, five fifteen-year terms and three ten-year terms. The sentences were concurrent with one another, but consecutive to other sentences movant was serving. Following his pleas of guilty, movant filed a pro se Rule 24.035 motion. The motion was denied without an evidentiary hearing. This Court affirms.

Movant filed a timely, verified pro se Rule 24.035 motion. He was found to be indigent and counsel was appointed. An

---

1. Two cases were consolidated for trial. Movant was charged with five criminal offenses in each case. The offenses that were charged, and to which movant pleaded guilty were two counts of burglary in the first degree; one count of burglary in the second degree; two counts of felony stealing; one count of escape from custody; two counts of unlawful use of a weapon; and two counts of tampering in the first degree. Movant pleaded guilty after trial had begun, after a jury had been selected. The guilty pleas were entered pursuant to a negotiated plea agreement and the sentences that were imposed were in accordance with that agreement.

amended motion was filed, together with a request for evidentiary hearing. The amended motion did not raise any grounds for relief other than those that were stated, generally, in the pro se motion. The amended motion, as prepared by movant's appointed counsel, contained a "declaration" for movant to sign and have verified as required by Rule 24.035(d). As originally prepared, it stated:

> I, Ronald Keith Crawford, Movant in this case, *being duly sworn upon my oath* state that I have subscribed to the foregoing petition; that I know the contents thereof; that the above information is, to the best of my knowledge, true and correct; that I have listed every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion; and that I understand that I waive any ground for relief known to me that I have not listed in this motion. (Emphasis added.)

RONALD KEITH CRAWFORD

A form for use as a notary public's acknowledgment followed. As originally prepared, it stated:

> SUBSCRIBED AND SWORN to before me this ____ day of _____, 1990. (Emphasis added.)

Notary Public

The words "being duly sworn upon my oath" in the declaration paragraph were obliterated by lines that were drawn through those words. The handwritten words "am telling the truth" were substituted for the obliterated words.

The words "AND SWORN to" in the form notary public's acknowledgement were obliterated in the same manner. The handwritten words "in truth" had been substituted.

The modified declaration was signed /s/Ronald Keith Crawford, followed by "prisoner, # 34781." The form notary public's acknowledgment was signed /s/Greg Barbard. The words "Notary Public" that were typed below the signature line were stricken and the handwritten word "witness" was substituted. The date of August 7 was written in the lines that were provided for that purpose.

The motion court's findings, pertinent to the issues presented on appeal, included:

10. The Court finds that the Amended Motion of September 17, 1990 is *not* properly verified by oath or affirmation as required by Mo.R.Crim.P. 24.035. The Court finds this to be the result of Movant changing the verification prepared by his appointed counsel.

11. The Court finds that no evidentiary hearing in the cause is required in that the motion and the files and records in the case conclusively show that the Movant is entitled to no relief. Rule 29.15(g). The Court further finds that both the original Motion and the Amended Motion fail to allege any facts upon which Movant would be entitled to relief. No witnesses are named; no factual allegation of improper conduct, failure to investigate, or otherwise are made; and no factual or other allegation of prejudice to Movant from the existence of the matters alleged is shown. The Movant has the burden of pleading his grounds for relief. Rule 24.035(d). Conclusory allegations alone are insufficient. *Oerly v. State*, 658 S.W.2d 894 (Mo.App.1983).

Movant presents three points on appeal, two that were included in a brief that was originally filed with the court of appeals [2] and a third that was included in a supplemental brief that was filed in this Court. The first point considered is the one that is set forth in the supplemental brief. Movant contends that the motion court erred in dismissing his motion and amended motion without conducting an evidentiary hearing to determine whether the improperly verified amended motion was the fault of counsel; "that the record does not indicate that postconviction counsel made the determinations required by Rule 24.035(e) since counsel filed an 'amended' motion which merely summarized and incorporated the ... *pro*

---

2. This appeal was originally before the Missouri Court of Appeals, Western District. The case was transferred, after opinion, to this Court. *See* Rules 30.27 and 83.03.

*se* motion" without restating movant's claims "in a lawyerlike fashion" and without asserting additional grounds for relief. Although movant states in his brief that he does not concede that the amended motion was "improperly verified under Rule 24.-035(f)," he contends that, if it was, "the record does not indicate whether the lack of a proper verification was due to postconviction counsel's failures or [movant's] action or inaction."

This point on appeal presents three issues for determination. Because movant has not conceded that the amended motion was improperly verified, the first issue is whether the amended motion was properly verified. The second issue is, if the verification is improper, whether the record supports the motion court's determination that the improper verification was a result of action by movant and not abandonment of counsel. A third issue is whether the filing of an amended motion that adds no new grounds for relief, in and of itself, demonstrates that post-conviction counsel failed to "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence." Rule 24.035(e).

Looking first at the issue of whether the verification was improper, Rule 24.035(f) states that "[a]ny amended motion shall be verified by movant." That statement inferentially invites the question: What is necessary in order for a writing to be "verified"? Missouri statutes included a definition of "verified," for purposes of pleadings or papers filed in criminal cases, from 1879 [3] until January 1, 1979, the date when the present criminal code became effective. *See* §§ 556.011 and 556.031, RSMo 1978. The last statutory revision that included the definition was RSMo 1969. Section 556.100, RSMo 1969, defined "verified" [4] as

follows: "The word 'verified' when applied to any pleading or paper required in any criminal cause, means supported by oath or affirmation." That statute included the explanation, "The word 'oath' includes the word affirmation, and the phrase 'to swear' includes to affirm."

■ "Verified," as used in Rules 24.035 and 29.15, means that a declaration required by Rules 24.035(d) and 29.15(d) must be made in a manner that is supported by a movant's oath or affirmation. A movant does that by subscribing to the required declaration while in the presence of someone authorized by Missouri law to administer oaths and affirmations. Upon a movant making the required declaration on his oath or affirmation, the person authorized to administer oaths and affirmations must affix an acknowledgment that the declaration was subscribed and sworn to in his or her presence.

■ Missouri statutes permit a notary public to "[t]ake acknowledgments" and to "[a]dminister oaths and affirmations." §§ 486.250.[5] Missouri statutes also permit a "court having a seal, or some judge, justice or clerk thereof" to acknowledge written instruments. *See* §§ 442.150(1) and 442.155.1. The declaration on movant's amended motion does not comply with the requirements of Rule 24.035(d) in that it does not reflect that it was supported by movant's oath or affirmation; nor was the acknowledgment thereof affixed by a notary public, a court, a judge, justice or clerk of a court.

Movant's amended motion was not properly verified. It was a nullity and presented nothing for the motion court to consider. *See Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990); *see also Baker v. State*, 796 S.W.2d 426 (Mo.App.1990). Absent there being cause to remand by reason of

---

**3.** The definition originated in § 1685, RSMo 1879.

**4.** The word "verified," although not defined in the Missouri Rules of Court, appears in those rules in at least two places in addition to Rules 24.035 and 29.15. Rule 22.02 requires a complaint in a criminal case to "[b]e verified by

oath ... of the complainant," and Rule 55.03 provides that "[e]xcept when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit."

**5.** References to statutes are to RSMo 1986, unless otherwise stated.

the principles announced in *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), and in *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991), as claimed by movant, the trial court committed no error by dismissing the amended petition.

The second issue for determination is whether the record on appeal demonstrates that the failure to properly verify the motion resulted from the negligence or other fault of movant. In making that inquiry, this Court is mindful of its opinions in *Luleff v. State, supra,* and in *Sanders v. State, supra,* regarding the issue of abandonment of counsel in post-conviction proceedings.

In *Sanders,* appointed post-conviction counsel had taken action on behalf of a movant, but the action that was undertaken was not timely—counsel had filed an amended Rule 29.15 motion but had not done so within the time constraints of Rule 29.15(f). This Court discussed the problem faced by a motion court when a movant claims that appointed counsel improperly failed to file a timely amended motion and requests that a motion be filed out of time. It directed that "relief is to be ordered only when a movant is free of responsibility for the failure to comply with the requirements of the rule." 807 S.W.2d at 495. The following guidance was offered regarding how a motion court should determine if an untimely motion should be permitted to be filed:

> The burden shall be on the movant to demonstrate that the untimeliness is not the result of negligence or intentional conduct of the movant, but is due to counsel's failure to comply with *Rule 29.15(f).*

*Id.*

In *Luleff,* appointed post-conviction counsel had taken no action within the time permitted for filing an amended motion nor had there been an amended motion filed after the time for filing an amended motion had expired. This Court held that there was no showing that appointed counsel had "acted to ascertain whether sufficient facts [were] asserted in the *pro se* motion and whether the movant included all grounds

known to him." 807 S.W.2d at 498. It remanded the case and directed the motion court to make the determination of whether appointed counsel had made the determinations required by Rule 29.15(e) and to make findings on that point. It further directed:

> If the court finds that appointed counsel has not performed as required by *Rule 29.15(e),* and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion as permitted under *Rule 29.15(f),* and the cause shall proceed anew according to the provisions of the rule.

*Id.*

This Court stated, in both *Sanders* and *Luleff,* that in order for a movant in a post-conviction proceeding to receive relief on the basis that the movant was "abandoned" by his appointed counsel, the lack of performance by counsel must not have been the result of the movant's action or inaction. In *Sanders,* it was explained that the movant had the burden of demonstrating that the claimed deficiency in representation did not result from his negligence or intentional conduct.

■ In this case, movant has offered no explanation, either in the point relied on part of his brief or in the argument part, as to how or why his amended motion came to be improperly verified. In his brief, movant argues that the "record does not indicate where the 'fault' for the unorthodox verification lies." He argues that "the record does not rule out the *possibility* that postconviction counsel simply mailed the motion ... too late for [movant] to obtain the services of a notary"; that movant *"may* have had a moral or religious problem with swearing under oath"; that "[t]he record *does not rule out* ... that postconviction counsel ignored this problem and mailed the amended motion ... without explanation or an attempt to prepare a proper verification by affirmation." (Emphasis added.)

The record does reflect that the amended motion, as originally prepared by appointed

counsel, had an appropriate and sufficient declaration paragraph for use by movant and an appropriate and sufficient acknowledgment form for use by a notary public. Had the declaration paragraph been executed as prepared, before a notary public, and had a notary public completed the notary public's acknowledgement in the form in which it had been prepared, the amended motion would have satisfied the verification requirements of Rule 24.035(d) and (f). This was not done.

The burden of showing abandonment by post-conviction counsel is upon movant. The briefs he has filed do not demonstrate or allege that there are facts that could be shown at an evidentiary hearing that would satisfy this burden. The motion court found that the improper verification was the result of movant changing the verification prepared by his appointed counsel. That finding is not clearly erroneous. Rule 24.035(j).

■ The third issue is movant's complaint that his post-conviction counsel did not allege any additional grounds for relief and did not "re-state the claims in a lawyer-like fashion" in the amended motion. He argues that this demonstrates his counsel failed to make the determinations that Rule 24.035(e) required him to make.[6]

If this argument were to be countenanced, the content of the amended motion would have to be considered—a motion that was a nullity because it was not verified as required by Rule 24.035(f). An amended motion cannot be a nullity for one purpose but not for another. Movant's complaint about the content of the amended motion falls into the category of argument that was characterized in *Pollard v. State*, 807 S.W.2d 498, 502 (Mo. banc 1991), as arguing "that counsel before the motion court did not do everything which might have been done." Here, as in *Pollard*, to grant the requested relief "would go far beyond the narrow compass of *Sanders* and *Luleff*, and ... 'would defeat the clear provision of subsection (k).'" *Id.* The point on appeal presented by movant's supplemental brief is denied.

Movant's remaining points on appeal were presented in the brief that he originally filed in the court of appeals. Those points are considered with respect to movant's pro se motion.

The first point alleges that the motion court erred in declaring movant's amended motion "as improperly verified" because the issues in that motion "were sufficiently and substantially identical to those" in movant's pro se motion; and "review would not be contrary to the policy requirements of verification."

This Court gleans nothing for review from this point. The motion court did consider and determine the issues presented by movant's pro se motion. This point is moot.

■ Movant's second point in his original brief alleges that the motion court erred in denying his motion without an evidentiary hearing. Movant contends that counsel in his criminal cases was ineffective. He contends that the motion court's finding that his claim of ineffective assistance of counsel is refuted by the record of the guilty plea hearing is erroneous. He alleges that his trial counsel did not "fully and properly explain the elements of the charged offenses."

---

6. Movant relied on *Hight v. State*, 813 S.W.2d 368 (Mo.App.1991), and *Kaup v. State*, 812 S.W.2d 558 (Mo.App.1991), in support of his claim that by timely filing an amended motion that merely restated, in different terms, claims that were made in his pro se motion, his post-conviction counsel failed to make the determinations required by Rule 24.035 and thereby abandoned him. It is noted that *Hight* and *Kaup* differ from this case. In *Hight* an unverified, amended motion was filed on the last day in which an amended motion was permitted to be filed. There was no indication on the face of the amended motion that any effort had been made to obtain its verification. Hight's complaint was that his counsel "did not attempt to file a verified motion on [Hight's] behalf." 813 S.W.2d at 369.

*Kaup* also involved a timely filed but unverified amended motion. As in *Hight*, the unverified amended motion gave no indication that any attempt had been made to obtain its verification. Kaup's complaint was "that the trial court 'should have inquired as to the reasons counsel did not obtain verification of the motion.'" 812 S.W.2d at 559. There was no allegation that Kaup had any part in the filing of the unverified motion.

The motion court's findings of fact and conclusions of law set out considerable testimony that movant gave at his guilty plea hearing. The motion court found that the trial court in movant's criminal case "found that there was no probable cause of ineffective assistance of counsel." The motion court also found:

> In addition, and more importantly, once a guilty plea is entered the adequacy of counsel bears only on the issue of whether that plea was made voluntarily and understandingly. *Branstuder v. State,* 609 S.W.2d 460 (Mo.App.1980). The Court found at the time of the guilty plea that Movant's plea was entered freely and voluntarily with an understanding of his rights.

The motion court found that "[m]ovant's plea of guilty constituted a waiver of all nonjurisdictional, procedural and constitutional infirmities occurring at any prior stage of the proceedings. *Kearns v. State,* 583 S.W.2d 748 (Mo.App.1979)." That court concluded that "[m]ovant's allegation of error in the jury selection process [that occurred before movant changed his pleas of not guilty to guilty] [was] without merit." The motion court summarized, "At the time of his guilty plea, Movant unequivocally waived his right to trial by jury and the procedural requirements in connection therewith." It further found that movant's pleas of guilty in the underlying criminal cases were voluntarily made and, therefore, that movant did not receive ineffective assistance of counsel. The testimony that is recited in the findings of fact and conclusions of law supports those findings. The findings are not clearly erroneous. Rule 24.035(j). The point is denied. The order denying movant's Rule 24.035 motion is affirmed.

ROBERTSON, C.J., COVINGTON, HOLSTEIN, BENTON and THOMAS, JJ., and MAUS, Special Judge, concur.

PRICE, J., not sitting because not a member of the Court when case was submitted.