**Danny Wayne HIGHT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 17984.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 5, 1992.

Stephen T. Lada, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Judge.

The movant, Danny Wayne Hight, appeals from an order denying, without an evidentiary hearing, his Rule 24.035 motion for post-conviction relief following his guilty pleas on two counts of possession of a controlled substance. The movant claims the motion court erred when it failed to resentence him; in support, he presents two points on appeal.

First, the movant contends that he was improperly sentenced as a persistent offender under § 558.016, RSMo 1986, and as a prior, persistent, and class X offender under § 558.019, RSMo Supp.1989, because the guilty plea court did not make "specific findings" of the factual basis for sentencing under those statutes. This claim of error has no merit.

Second, the movant contends that he was improperly sentenced under § 558.019, RSMo 1989, because that statutory provision applies only to repeat offenders convicted of class "A" and "B" felonies, whereas his guilty pleas were to class "C" felonies. The movant's claim is correct, but resentencing is not required. Pursuant

to Rules 24.035(i)[1] and 84.14[2] we correct the judgment and sentence to eliminate application of § 558.019, RSMo Supp.1989, to the movant's sentences.

## FACTS

On January 26, 1990, the movant pled guilty to two felony counts of possession of a schedule II controlled substance in violation of § 195.020 (now repealed), for offenses occurring December 4, 1988.[3] In each count, the state alleged that the movant had three prior felony convictions and, as a result, was a prior, persistent, and class X offender subject to extended terms of imprisonment under §§ 558.016, RSMo 1986, and 558.019, RSMo Supp.1989. For convenience, applicable statutory provisions are set out marginally.[4]

At the guilty plea hearing, the court twice read, in their entirety, the allegations in the information concerning the movant's prior convictions. Following each reading, the movant said it was his intention, pursuant to the plea agreement, to plead guilty to each count, including the allegations concerning his prior convictions. The court then questioned the movant about the factual basis for both counts and about the

---

1. Rule 24.035(i) provides, in part, "If the court finds ... that the sentence imposed was illegal, ... the court shall ... correct the judgment and sentence as appropriate."

2. Rule 84.14 provides, in part, "Unless justice otherwise requires, the [appellate] court shall dispose finally of the case."

3. Count I charged the movant with possession of cocaine; Count III with possession of methamphetamine. Pursuant to a plea agreement, the state dismissed Count II, alleging possession of a controlled substance, and certain other pending charges against the movant.

4. Applicable versions of relevant statutes provided in pertinent part:

   **Section 558.016, RSMo 1986:**
   1. The court may sentence a person who has pleaded guilty to or been found guilty of a class B, C, or D felony ... to an extended term of imprisonment if it finds the defendant is a persistent offender....

   ....

   3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

   ....

   6. The total authorized maximum terms of imprisonment for a persistent offender ... are:
   (3) For a class C felony, a term of years not to exceed fifteen years....

   **Section 558.019, RSMo Supp.1989:**
   2. The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195.... Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony and served time of imprisonment of not less than one hundred twenty days in the department of corrections, or in a penal institution in another state which is equivalent to the department of corrections, or a federal prison, the calculation of which shall include any jail time credit and has been committed to the department of corrections as a prior offender, persistent offender, or class X offender shall be required to serve the following minimum prison terms:
   (1) If the defendant is a prior offender, the minimum prison term which the defendant must serve shall be forty percent of his sentence;
   (2) If the defendant is a persistent offender, the minimum prison term which the defendant must serve shall be sixty percent of his sentence;
   (3) If the defendant is a class X offender, the minimum prison term which the defendant must serve shall be eighty percent of his sentence.

   ....

   5. Prior pleas of guilty and prior findings of guilty shall be pled and proven in the same manner as required by the provisions of section 558.021. The final judgment and sentence of anyone found to be a prior offender, a persistent offender, or a class X offender shall reflect such finding.

   **Section 558.021, RSMo 1986:**
   1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if
   (1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender; and
   (2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, or dangerous offender; and
   (3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

   ....

prior offenses.[5]

The court asked the movant how he pled "to Count I . . . including the prior offender allegation . . ." and "to Count III . . . together with the three prior, persistent, and class X offender allegations. . . ." The movant answered "guilty" to each question.

The court stated at the guilty plea hearing that it found there was "a factual basis" for the movant's guilty plea on each count "including the prior, persistent, and class X offender allegations." The court sentenced the movant to two concurrent terms of 15 years' imprisonment, pursuant to the plea agreement. Both the docket sheet and the formal judgment and sentence state, "Court finds Defendant to be a prior, persistent and Class X offender."

The movant filed a pro se Rule 24.035 motion to set aside the convictions. In paragraph 8 of Form 40, he alleged these grounds:

> 5. The defendant may waive proof of the facts alleged.

5. After questioning the movant about the factual basis for Count I, the court asked him about his prior convictions:
Q: Now, tell me about these prior offenses. Now, you remember I recited that on April 8, 1977, you pleaded guilty to the felony of sale of a controlled substance in the Circuit Court of Greene County, Missouri; is that true?
A: Yes, sir.
Q: And as a result of that plea, you were imprisoned for more than 120 days in the Department of Corrections; is that right?
A: I was.
Q: And these dates were from on or about March 26, 1980, to on or about April 17, 1981; is that true?
A: Yes, sir.
Q: And then again I suppose you were put on parole and revoked? Is that what happened?
A: Uh-huh.
Q: So you served additional time on that same charge from May 26th, 1982, to December 7th, 1983; is that true?
A: Yes, sir.
Q: And the second offense was that on or about May 10th, 1985, you pleaded guilty to the felony of tampering in the first degree in the Circuit Court of Greene County, Missouri; is that true?
A: I did.
Q: And as a result of that plea, you were imprisoned for more than 120 days—
A: I was—

(A) I was improperly sentenced as a persistent, & class X offender, absent adjudication of that fact at guilty plea hearing.
(B) I was improperly sentenced, under "the extended term procedures statute."

The court appointed an attorney for the movant; the attorney filed an unverified amended motion alleging the same grounds for relief as did the pro se motion. *See Hight v. State,* 813 S.W.2d 368, 369 (Mo. App.1991).

On June 29, 1990, the motion court conducted a hearing to determine if an evidentiary hearing was necessary on the motion for post-conviction relief. Following a review of the record, including the guilty plea hearing transcript, the motion court dismissed the motion and made these findings:

1. That this [movant] is indeed a persistent and class X offender.
2. That at the time of the Movant's plea of guilty, this court held a complete and separate hearing to make and determine

Q: In the Missouri Department of Corrections?
A: Yes, sir.
Q: And that was from on or about May 14th, 1985, to August 6, 1986?
A: Yes, sir.
Q: And the third instance was that on or about March 18th, 1980, you pleaded guilty to the felony of stealing in the Circuit Court of Greene County, Missouri?
A: I did.
Q: And as a result of the plea, you served time of imprisonment for more than 120 days in the Missouri Department of Corrections?
A: Yes, sir.
Q: Those dates were approximately on or about May 14th, 1985, to on or about August 6, 1986?
A: Yes, sir.
The court then questioned the movant about the factual basis for Count III, after which the following transpired:
THE COURT: All right. Now, I won't go into detail on these, unless [you] want me to, on those prior, persistent, and class X offender charges. They are exactly the same charges that I—we talked about on Count I and—
THE MOVANT: I have read them about a hundred times.
Q: Okay. You admit—for purposes of Count III, you admit to each and every one of those three prior guilty pleas?
A: Yes, sir.
Q: Have—and the fact is you have served time on each one of them?

the classification of Movant as a persistent offender and a class X offender.

3. That all things that were necessary to be done in completing the hearing to make determination of the Movant was done as required by *Scharnhorst v. State*, 775 S.W.2d 241 (Mo.App.1989).

The movant appealed from that judgment claiming his post-conviction counsel abandoned him. We reversed and remanded, directing the motion court to determine if post-conviction counsel had complied with the requirements of Rule 24.035(e). *Hight*, 813 S.W.2d at 370.

On remand, the motion court determined that the movant's original post-conviction relief counsel had "effectively abandoned" him. The court appointed new counsel who filed a second amended Rule 24.035 motion that incorporated the allegations of the pro se and first amended motions and additionally alleged "there was never a valid adjudication of whether movant is a persistent or class X offender in that specific findings as to the basis of finding defendant a persistent or class X offender, as required by Section 558.021.1(3) and *State v. Thompson*, 629 S.W.2d 361 (Mo.App.1981), [*approved subject to* 629 S.W.2d 369 (Mo.banc 1982), *vacated on other grounds sub nom. Missouri v. Kane*, 459 U.S. 1193, 103 S.Ct. 1172, 75 L.Ed.2d 424 (1983),] were never made."

On January 13, 1992, the motion court denied the second amended motion without an evidentiary hearing and issued amended findings of fact and conclusions in which it restated its June 1990 findings and added the particulars of the movant's prior convictions as described *supra* note 5. The

A: I did.

6. At the time the movant committed the offenses on December 4, 1988, punishment was prescribed by § 195.200, RSMo Supp.1988. When the movant pled guilty on January 26, 1990, relevant provisions of the "Comprehensive Drug Control Act of 1989" (§§ 195.005 to 195.-425 RSMo Supp.1989) were in effect, § 195.200 had been repealed, and the offenses committed by the movant were classified under § 195.202 as class C felonies. The movant was entitled to have his punishment assessed "according to the amendatory law," that is, as class C felonies.

movant appeals from the judgment denying his second amended Rule 24.035 motion.

## DISCUSSION AND DECISION

### *Specificity of Findings*

In Point I the movant asserts that the motion court erred in dismissing his second amended Rule 24.035 motion without resentencing him because

> the court's original findings of fact and conclusions of law were deficient in that specific findings as to the basis of the court's finding [the movant] a prior, persistent and class X offender were not made at the time of sentencing[;] thus [the movant] was improperly sentenced as a persistent offender to extended ranges of punishment, and improperly sentenced as a prior, persistent, and class X offender to serve an enhanced percentage of his sentences prior to eligibility for parole, and the court's amended findings of fact and conclusions of law are insufficient to correct the error because the findings alone do not constitute a resentencing of [the movant].

Citing *Thompson*, 629 S.W.2d 361, the movant argues that on January 26, 1990, the date he was sentenced, the guilty plea court failed to make the findings of fact required by § 558.021.1(3) and, therefore, "there was no valid adjudication of extended terms under Section 558.016 [and] minimum prison term provisions under Section 558.019...." Absent such valid adjudication, "all [the movant] should be legally serving at this time is two seven year sentences, running concurrent...."[6]

The version of § 558.021.1(3) applicable in *Thompson* was enacted in 1977 and effective January 1, 1979. It provided:

§ 1.160, RSMo 1986; *State v. Sumlin*, 820 S.W.2d 487, 489–90 (Mo. banc 1991). Under § 558.011.1(3), RSMo 1986, the maximum sentence for a class C felony conviction, absent any enhancement, was (and is) seven years. The movant does not elaborate on his apparent assertion that his sentences were required to be concurrent. With exceptions not applicable here, whether multiple sentences of imprisonment are to be served concurrently or consecutively is a matter for trial court discretion. § 558.026, RSMo 1986; *Johnson v. State*, 607 S.W.2d 808, 809 (Mo.App.1980).

1. The court shall not impose an extended term under section 558.016 unless

. . . .

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect.

By a 1981 amendment the legislature revised § 558.021.1(3) to provide:

1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender, if

. . . .

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, or dangerous offender.

In applying the then-applicable version of § 558.021.1(3), the *Thompson* court stated, "The statute contemplates that the [prior] convictions be found according to indictment, that the proof shall conform with the charge, and that *the findings describe the offenses which constitute the proof.*" 629 S.W.2d at 369 (our emphasis). Under the present version of § 558.021.1(3), "so long as there is evidence to support findings of fact required to meet the present definition of persistent offender, the failure of the trial court to make specific findings has been labeled a 'procedural deficiency....'" *State v. Barnard*, 678 S.W.2d 448, 453 (Mo.App.1984) (quoting *State v. Bryant*, 658 S.W.2d 935, 940 (Mo.App.1983)).

■ In the case now before us, the guilty plea court formally arraigned the movant on Counts I and III, twice reading to him the allegations in the information about his prior convictions. The court then questioned the movant about the particulars of each prior conviction, and the movant admitted they were true. The court stated there was "a factual basis" not only for the movant's guilty pleas on Counts I and III, but also on "the prior, persistent, and class X offender allegations." In both a docket sheet entry and the formal judgment and sentence, the guilty plea court stated its finding that the movant was "a prior, persistent and Class X offender."

We find apropos this passage from *State v. Greathouse*, 694 S.W.2d 903 (Mo.App. 1985):

In the case before us, the findings could have been more specific, but the concern for due process is focused upon the existence of independent evidence sufficient to support the enhancement of the defendant's sentence and not upon the particularity of the trial court's finding. The trial court's finding is sufficient to show it relied on the evidence.

*Id.* at 911[18].

Having concluded the guilty plea court's oral finding on the record and the expression of its finding in the docket sheet entry and the judgment and sentence satisfy the requirements of § 558.021.1(3), RSMo 1986, we turn briefly to the evidence to see if it supports the finding. *See Barnard*, 678 S.W.2d at 453. The movant admitted that the allegations of the three prior felony convictions were true. Such admissions are sufficient. § 558.021.5, RSMo 1986; *Kelly v. State*, 623 S.W.2d 65, 68[4,5] (Mo. App.1981).

The movant's reliance on *Scharnhorst*, 775 S.W.2d 241, is misplaced. In *Scharnhorst*, "[t]he guilty plea court made no determination or entry that Scharnhorst was a persistent offender, nor findings of fact upon which the adjudgment rests." *Id.* at 243. In contrast, here the guilty plea court stated it determination not only orally, but also in a docket sheet entry and in the judgment and sentence that the movant was a persistent offender; the court stated on the record that a factual basis existed for the movant's admissions concerning the three prior convictions; and the record supports the court's finding about the movant's persistent offender status. Point I is denied.

*Nonapplicability of § 558.019 to Class C Felonies*

In Point II the movant challenges his sentencing under § 558.019, RSMo Supp. 1989, which requires him to serve minimum prison terms. Section 558.019, RSMo Supp. 1989, pertinent portions of which are set out *supra* note 4, does not apply to class C felonies, the class of felonies to which the movant pled guilty. To the extent that the judgment purports to apply § 558.019, RSMo Supp.1989, to the movant's sen-

tences, it is illegal. In its brief, the state concedes the inapplicability of § 558.019, RSMo Supp.1989.

■ It was the obligation of the motion court to correct the judgment and sentence. Rule 24.035(i). However, resentencing is not required because the two 15–year terms were permitted by § 558.016.6(3), RSMo 1986, and were unaffected by the guilty plea court's error in applying § 558.-019, RSMo Supp.1989. Therefore, under Rule 84.14, we dispose finally of the case.

We correct the judgment and sentence in State v. Danny Wayne Hight, Case No. 389CF1485, Greene County Circuit Court, by ordering § 558.019, RSMo Supp.1989, to be inapplicable. The judgment of the guilty plea court and the sentencing of the movant as a persistent offender under § 558.016, RSMo 1986, is unaffected by this opinion.

As corrected, the judgment is affirmed.

PARRISH, C.J., and CROW, P.J., concur.